(June 6, 1995)

■ In the Matter of LUIS V., a Person Alleged to be a Juve-
nile Delinquent, Appellant. DISTRICT ATTORNEY OF BRONX
COUNTY, Respondent. [628 NYS2d 60] —Order of disposition, Fam-
ily Court, Bronx County (Susan Larabee, J.), entered April 27,
1993, which adjudicated respondent a juvenile delinquent and
placed him with the Division for Youth for 5 years, with
confinement in a secure facility for 18 months to be followed
by 12 months in a residential facility, following a fact-finding
determination that respondent committed acts which, if com-
mitted by an adult, would constitute the crimes of kidnapping
in the first degree, rape in the first degree, aggravated sexual
abuse in the first degree, assault in the third degree, and sexual
misconduct, unanimously modified, on the law, to dismiss the
kidnapping charge and remand the matter for a new disposi-
tional hearing, and otherwise affirmed, without costs.

The kidnapping in the first degree charge was not established
beyond a reasonable doubt due to the insufficiency of the proof
with regard to the "abduct" element of the crime, and
respondent's motion to dismiss for legal insufficiency preserved
this issue for our review. A person is guilty of kidnapping in
the first degree when he abducts someone and restrains the
person abducted for a period of more than 12 hours with intent
to inflict physical injury upon her or violate or abuse her sexu-
ally (Penal Law § 135.25 [2] [a]). Penal Law § 135.00 (2) defines
"abduct" as "to restrain a person with intent to prevent his
liberation by either (a) secreting or holding him in a place
where he is not likely to be found, or (b) using or threatening
to use deadly physical force." Here, there was no use or threat
of deadly physical force. The display of a knife on the second
day came well after the sequence of events began, and was an
attempt to coerce the victim to have sex with another, not to
restrain her for purposes of kidnapping.

The victim was not secreted or held in a place where she
would not likely be found (see, People v Camp, 139 NY 87, 91-
93), and the authorities cited by the prosecution on this issue
are inapposite. During the 48 hour episode, respondent and
victim were constantly at the homes and in the presence of his

relatives, none of whom was charged with a crime here. The victim was known to frequent the first location, the apartment where respondent lived with his grandmother, and in fact, her friend inquired about her there. As for the second location, the home of respondent's aunt, the victim remained there for several days after the respondent left. Nor did respondent's alleged threats to the victim and taking of her shoes, under these circumstances, amount to "secreting" or "holding" her in a place where she would not likely be found, as the statute requires. Concur—Murphy, P. J., Rubin, Asch, Williams and Mazzarelli, JJ.