■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DUANE P. BIRO, Appellant. [643 NYS2d 295] —Judgment unanimously affirmed. Memorandum: We reject the contention that defendant was deprived of a fair trial by the admission of

photographs of the victim. The photographs showed the victim's injuries and were relevant to the issue whether the acts involved were consensual. Thus, the photographs were properly admitted (*see, People v Wright,* 192 AD2d 875, 876-877, *lv denied* 82 NY2d 809).

Defendant failed to preserve for our review his further contention that his conviction of kidnapping in the second degree is barred by the merger doctrine (*see, People v Mc-Namara,* 186 AD2d 984, *lv denied* 81 NY2d 791; *People v Salimi,* 159 AD2d 658, *lv denied* 76 NY2d 742). In any event, because the asportation and detention of the complainant were neither incidental to nor inseparable from the rape, the merger doctrine does not apply (*see, People v Masterson,* 177 AD2d 1042, *lv denied* 79 NY2d 950; *People v Salimi, supra*). There also is no merit to the contention of defendant that County Court erred in denying his motion to suppress evidence recovered at his home and statements made by him to the police. The record supports the suppression court's determination that the police entered defendant's residence based upon their reasonable belief that they were confronted with an emergency situation; their entry "was not primarily motivated by the intent to arrest [defendant] and seize evidence" (*People v Diaz,* 170 AD2d 618, 619, *lv denied* 79 NY2d 855).

Finally, the sentence imposed is not unduly harsh or severe. (Appeal from Judgment of Niagara County Court, Hannigan, J.—Rape, 1st Degree.) Present—Lawton, J. P., Fallon, Callahan, Doerr and Davis, JJ.