■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v YONG LIN, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TONG YOU CHENG, Also Known as CHENG TONG YOU, Appellant. [718 NYS2d 312] —Judgment, Supreme Court, New York County (Harold Rothwax, J., at hearing; William Wetzel, J., at jury trial and sentence), rendered July 30, 1997, convicting defendant Lin of kidnapping in the first degree (4 counts), robbery in the first degree (3 counts), rape in the first degree (3 counts), burglary in the first degree, aggravated sexual abuse in the first degree, and criminal possession of a weapon in the third degree, and sentencing him to an aggregate term of 116⅔ years to life, unanimously affirmed. Judgment, same court and Justices, rendered July 29, 1997, convicting defendant Cheng, after a jury trial, of kidnapping in the first degree (4 counts), robbery in the first degree (3 counts), rape in the first degree (2 counts), and burglary in the first degree, and sentencing him to an aggregate term of 100 years to life, unanimously affirmed.

The court properly denied defendants' application for a missing witness charge concerning an accomplice in the instant crimes who was cooperating with the Federal authorities. The court correctly concluded that the accomplice's testimony would be cumulative of the strong identification evidence provided by the victims, who were in contact with defendants for an extended period of time during their captivity. Moreover, the court correctly determined that the fact that this witness would "be prejudicially vulnerable to damaging impeachment[ ] constitute[d] a reasonable explanation" (*People v Rodriguez*, 38 NY2d 95, 101) for the People's failure to call the witness.

Contrary to defendant Lin's claim, the evidence establishes that New York had jurisdiction to prosecute him for the rape and aggravated sexual abuse charges, notwithstanding that the sexual assaults took place in New Jersey at various times over a one to two week period following the initial abductions. The victims' testimony about continued threats and physical abuse provided sufficient evidence for the jury to have concluded beyond a reasonable doubt that the forcible conduct initially displayed in Manhattan was not remote, but rather was part of the uninterrupted use of force used in the perpetration of the sex crimes throughout the victims' captivity (*see, People v Burgess*, 107 AD2d 703, *lv denied* 64 NY2d 1132).

Defendant Cheng's contention that identification evidence should have been suppressed as the fruit of an unlawful seizure

is unpreserved and we decline to review it in the interest of justice. Were we to review this claim, we would find that Cheng was arrested upon probable cause and that no arrest warrant was required.

Defendant Cheng has not established that he was prejudiced by any delay by the People in disclosing allegedly exculpatory evidence pursuant to *Brady v Maryland* (373 US 83). On the contrary, the material in question was disclosed in time for the defense to make meaningful use of it.

Through his counsel, defendant Cheng validly waived sequestration of the jury (*People v Bello*, 82 NY2d 862). Concur—Nardelli, J. P., Tom, Mazzarelli, Wallach and Rubin, JJ.