■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK CRISLER, JR., Appellant. (Appeal No. 1.) [757 NYS2d 211] —Appeal from a judgment of Monroe County Court (Sirkin, J.), entered September 14, 1994, convicting defendant after a jury trial of, inter alia, criminal possession of a weapon in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by reversing the conviction of criminal use of a firearm in the second degree under the third and fourth counts of the indictment, vacating the sentences imposed thereon and dismissing those counts of the indictment and as modified the judgment is affirmed.

Memorandum: We previously granted defendant's motion for a writ of error coram nobis, vacating two prior orders (*People v Crisler*, 289 AD2d 1097 [2001]). By our prior order in *People v Crisler* (278 AD2d 887 [2000], *lv denied* 96 NY2d 861 [2001]), we had modified the judgment convicting defendant after a jury trial of criminal possession of a weapon in the second degree (Penal Law former § 265.03) and two counts of criminal use of a firearm in the second degree (§ 265.08 [1], [2]) by reversing the conviction of the two counts of criminal use of a firearm, vacating the sentences imposed thereon and dismissing those counts. By our prior order in *People v Crisler* (278 AD2d 889 [2000], *lv denied* 96 NY2d 861 [2001]), we had affirmed an order denying defendant's motion pursuant to CPL 440.10. We now determine the two appeals de novo.

With respect to appeal No. 1, we agree with defendant that, in light of his conviction of criminal possession of a weapon in

the second degree (Penal Law former § 265.03), the conviction of the noninclusory concurrent counts of criminal use of a firearm in the second degree (§ 265.08 [1], [2]) should be reversed (*see People v Brown*, 67 NY2d 555, 560-561 [1986], *cert denied* 479 US 1093 [1987]; *People v Dunbar*, 275 AD2d 968 [2000], *lv denied* 96 NY2d 734 [2001]; *cf. People v Serrano*, 119 Misc 2d 321, 323-325 [1983]). We therefore modify the judgment in appeal No. 1 by reversing defendant's conviction of criminal use of a firearm in the second degree under the third and fourth counts of the indictment, vacating the sentences imposed thereon and dismissing those counts of the indictment.

Defendant failed to preserve for our review his further contention in appeal No. 1 that he was deprived of a fair trial by prosecutorial misconduct (*see People v Autry*, 291 AD2d 896, 897 [2002], *lv denied* 98 NY2d 672 [2002]; *People v Scroger*, 288 AD2d 931 [2001]). In any event, the single instance of alleged misconduct was not so egregious as to deprive defendant of a fair trial (*see People v Holden*, 244 AD2d 961 [1997], *lv denied* 91 NY2d 926 [1998]). The verdict convicting defendant of criminal possession of a weapon in the second degree is not against the weight of the evidence (*see People v Bleakley*, 69 NY2d 490, 495 [1987]). Also contrary to defendant's contention in appeal No. 1, County Court properly admitted evidence of an admission by defendant to a nurse who treated him immediately after his arrest (*see People v Chico*, 90 NY2d 585, 589 [1997]). Defendant was properly adjudicated a persistent felony offender (*see* CPL 400.20 [1]), and the sentence is neither unduly harsh nor severe.

With respect to appeal No. 2, we conclude that the court properly denied defendant's CPL 440.10 motion to vacate the judgment of conviction on the ground of newly discovered evidence. Defendant failed to demonstrate that the evidence was "of such character as to create a probability that had such evidence been received at the trial the verdict would have been more favorable to the defendant" (440.10 [1] [g]; *see People v Maddox*, 256 AD2d 1068 [1998], *lv denied* 93 NY2d 875 [1999]). Present—Pigott, Jr., P.J., Wisner, Scudder, Burns and Gorski, JJ.