■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RASHID MUHAMMAD, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY BROOKS, Appellant. [787 NYS2d 8]—

Judgments, Supreme Court, New York County (Jeffrey Atlas, J.), rendered July 17, 2002, convicting defendant Muhammad, after a jury trial, of reckless endangerment in the second degree, assault in the second degree (two counts) and unauthorized use of a vehicle in the second degree, and sentencing him, as a second felony offender, to an aggregate term of seven years, and convicting defendant Brooks, after a jury trial, of reckless endangerment in the second degree, criminal possession of stolen property in the fourth degree and resisting arrest, and sentencing him, as a second felony offender, to an aggregate term of 2 to 4 years, unanimously affirmed.

The court properly exercised its discretion in excluding evidence of a 911 call, since it failed to qualify as an excited utterance because of the lack of evidence of the agitated or stressed condition of the declarant (*see People v Johnson*, 1 NY3d 302, 306 [2003]; *People v Vasquez*, 88 NY2d 561, 574-575 [1996]), and since it failed to qualify as a present sense impression because of the lack of independent corroboration (*id.*), none of which was supplied by the police testimony. In any event, were we to find any error in the exclusion of this evidence, we would find it to be harmless. To the extent that defendants are raising constitutional claims, such claims are unpreserved and we decline to review them in the interest of justice. Were we to review such claims, we would find that the exclusion of the evidence did not violate defendants' rights to confront witnesses and present a defense.

New York has jurisdiction to prosecute the assaults that were committed by defendant Muhammad against the police who pursued him into New Jersey and attempted to effect his arrest there. The exception contained in CPL 20.30 (1) to New York jurisdiction under CPL 20.20 does not apply, since such conduct would have been an offense under New Jersey law. In this regard, we note that the law in New York (Penal Law 120.05 [3]) and the law in New Jersey (NJ Stat Ann [Code Crim Just] § 2C:12-1 [b] [5] [a]) are substantially the same.

The verdict was not coerced as a result of the court's handling of a jury scheduling problem, the court having informed the jury that there were no time restrictions on deliberations and cautioned it against rushing to judgment (*see People v Santiago*,

239 AD2d 253 [1997], *lv denied* 90 NY2d 910 [1997]). We have considered and rejected defendants' remaining arguments concerning the jury scheduling issue.

The court properly exercised its discretion in admitting uncharged crime evidence (*see People v Till*, 87 NY2d 835, 837 [1995]). The evidence was sufficiently connected to both defendants. Concur—Buckley, P.J., Ellerin, Lerner, Marlow and Catterson, JJ.