THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GERALD D. O'CONNOR, Appellant. [802 NYS2d 810]—

Appeal from a judgment of the Orleans County Court (Robert C. Noonan, J.), rendered February 18, 2004. The judgment convicted defendant, upon a jury verdict, of murder in the second degree, kidnapping in the second degree, sodomy in the first degree, criminal possession of a weapon in the second degree, sexual abuse in the first degree, and menacing in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of murder in the second degree (Penal Law § 125.25 [2]), kidnapping in the second degree (§ 135.20),

sodomy in the first degree (former § 130.50 [1]), criminal possession of a weapon in the second degree (§ 265.03 [2]), sexual abuse in the first degree (§ 130.65 [1]), and menacing in the second degree (§ 120.14 [1]). The evidence at trial established that defendant shot and killed one victim and then forced that victim's wife to accompany him to a motel room, where he sexually assaulted her. Defendant contends that Orleans County Court lacked jurisdiction over the sexual assault offenses that occurred in Monroe County. We reject that contention. The People established by a preponderance of the evidence that the elements of intent and forcible compulsion with respect to the sexual assault offenses occurred in Orleans County (*see* CPL 20.40 [1] [a]; *People v Seifert*, 152 AD2d 433, 444 [1989], *lv denied* 75 NY2d 924 [1990]; *see also People v Yong Lin*, 278 AD2d 114 [2000], *lv denied* 96 NY2d 808 [2001]; *see generally People v Greenberg*, 89 NY2d 553, 555-556 [1997]).

To the extent that defendant contends that the conviction of kidnapping is barred by the merger doctrine, he failed to preserve that contention for our review (*see People v Biro*, 227 AD2d 944, 945 [1996], *lv denied* 88 NY2d 980 [1996]). In any event, defendant's contention is without merit. "The merger doctrine is intended to preclude conviction for kidnapping based on acts which are so much the part of another substantive crime that the substantive crime could not have been committed without such acts and that independent criminal responsibility may not fairly be attributed to them" (*People v Cassidy*, 40 NY2d 763, 767 [1976]). Where, however, the abduction and the underlying crimes are discrete, the merger doctrine does not apply (*see People v Gonzalez*, 80 NY2d 146, 153 [1992]). In this case, defendant forced the wife of the murder victim to accompany him to a motel by threatening her with a weapon. The motel was approximately 30 to 45 minutes away from the scene of the murder of the first victim. Once defendant and the wife of the murder victim were in the motel room, another hour passed before defendant committed the offense of sexual abuse, and then another hour or more passed before defendant committed the offense of sodomy. Under the circumstances of this case, the abduction was discrete from the underlying sexual assault offenses. "The [abduction] was not a minimal intrusion necessary and integral to another crime, nor was it simultaneous and inseparable from another crime. It was a crime in itself" (*id.*; *see People v Smith*, 47 NY2d 83, 87 [1979]; *Biro*, 227 AD2d at 945; *see also People v St. Louis*, 161 AD2d 739, 740 [1990], *lv denied* 76 NY2d 864 [1990]).

Defendant's general motion to dismiss did not preserve for

our review defendant's contentions concerning the alleged legal insufficiency of the evidence (*see People v Gray*, 86 NY2d 10, 19 [1995]). The verdict is not against the weight of the evidence (*see People v Bleakley*, 69 NY2d 490, 495 [1987]). We reject defendant's contention that the court erred in admitting the rebuttal testimony of a witness. Contrary to defendant's contention, the testimony of the witness concerning admissions made by defendant to him was "properly introduced into evidence as legally admissible hearsay against [defendant]. [A]dmissions by a party of any fact material to the issue are always competent evidence against him, wherever, whenever, or to whomsoever made" (*People v Chico*, 90 NY2d 585, 589 [1997] [internal quotation marks omitted]; *see People v Crisler*, 303 AD2d 948, 949 [2003], *lv denied* 100 NY2d 593 [2003]). Defendant further contends that the testimony was not proper rebuttal evidence. Even assuming, arguendo, that defendant is correct that the testimony was "not technically of a rebuttal nature," we nevertheless conclude that the court did not abuse its discretion in allowing that testimony pursuant to CPL 260.30 (7) (*People v Harris*, 57 NY2d 335, 345 [1982], *cert denied* 460 US 1047 [1983]).

Contrary to defendant's contention, the sentence is not illegal insofar as the court ordered that the term of imprisonment for sodomy shall run consecutively to the terms of imprisonment for murder, criminal possession of a weapon, and menacing (*see generally People v Ramirez*, 89 NY2d 444, 451 [1996]). Also contrary to defendant's contention, the sentence is not unduly harsh or severe. We have examined defendant's remaining contentions and conclude that they are without merit. Present—Hurlbutt, J.P., Scudder, Smith, Pine and Hayes, JJ.