■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID WILLIAMS, Appellant. [833 NYS2d 29]—

Judgment, Supreme Court, Bronx County (Dominic R. Massaro, J.), rendered June 8, 2004, convicting defendant, after a jury trial, of robbery in the second degree and grand larceny in the fourth degree, and sentencing him, as a second felony offender, to concurrent terms of seven years and three years, respectively, unanimously affirmed.

Sometime after jury deliberations began, the court received several notes from the jury foreperson requesting the lineup photos and a pawn ticket, a readback of certain testimony of Detective Weiner and an explanation of the acting in concert element of robbery in the second degree. The third note stated, "Would like to speak to the Judge because there is a problem with a certain juror who appears to have made up her mind, not listening or examining the evidence." Thereafter, the court met with counsel in camera, read the last note to them and told them that he had met with the foreperson who repeated what was in the note. The court told counsel that it had told the foreperson "not to indicate who the person was to the Court or what she refused to move from, whether guilty or not guilty, but rather the Court would respond to the problem in its general response to the full jury when it responds to the other notes that have been received." Other than asking whether such interview had been off the record and not in the presence of counsel, defense counsel voiced no objection whereupon, in open court, on the record, in the presence of the jury, the defendant and counsel, the court responded to all the notes and instructed the jurors on their obligation to actively participate in the jury's deliberations.

On appeal, defendant argues that the trial court deprived him of his right to be present at a crucial part of the trial proceeding and, relying on *People v O'Rama* (78 NY2d 270, 278-279 [1991]), that the court's error in failing to disclose the contents of the note to counsel before it spoke to the foreperson prevented counsel from participating meaningfully in this critical stage of the trial and that such error presents a question of law for review notwithstanding defense counsel's failure to object. However, defendant does not suggest what type of input he or his trial counsel could have possibly provided in formulating an instruction to wait for further instructions. Unlike *O'Rama*, in which meaningful participation by counsel was precluded by lack of notice respecting a juror's communication, the presence

of defendant and his counsel was not required when the court merely had a brief conversation with the foreperson during the jury's deliberations, since the court did nothing more than tell the foreperson that it would address her concerns about an uncooperative juror shortly, in the presence of defendant, counsel and the entire jury. Defendant's presence would not have had any relation to his ability to defend against the charges (*see People v Harris,* 76 NY2d 810 [1990]). The court's response to the foreperson was essentially the ministerial act of saying, "Wait." Counsel had ample opportunity, after the note was read to him in camera, to be heard *before* the court's response to the jury's note was given, but he did not avail himself of such opportunity (*cf. O'Rama,* 78 NY2d at 277). Finally, absent any objection, defendant failed to preserve his other arguments concerning the court's communication with the foreperson, and its subsequent supplemental instruction to the entire jury, and we decline to review them in the interest of justice. Were we to do so, we would reject them.

Although we have determined that on these facts the court's treatment of the foreperson's note does not require a new trial, and that the trial court's departure from those procedures outlined by the Court of Appeals in *People v O'Rama* (78 NY2d at 277-278) is subject to rules of preservation, we emphasize, as did the Court of Appeals recently in *People v Kisoon* (8 NY3d 129 [2007]), that the unquestionably better practice is always to show jury notes to both attorneys on the record before taking any action, giving them both an opportunity to make suggestions they deem proper.

The court properly denied defendant's suppression motion. The lineup photograph and the *Wade* hearing testimony support the court's conclusion that the lineup was not unduly suggestive (*see People v Chipp,* 75 NY2d 327, 336 [1990], *cert denied* 498 US 833 [1990]). Any difference between defendant and the other participants was not so pronounced as to single defendant out. Concur—Andrias, J.P., Marlow, Gonzalez, Sweeny and Catterson, JJ.