# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**490**

**KA 10-02313**

PRESENT: SCUDDER, P.J., FAHEY, CARNI, SCONIERS, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, APPELLANT,

V                                          MEMORANDUM AND ORDER

ANNE BERNARDO, DEFENDANT-RESPONDENT.

---

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (VICTORIA M. WHITE OF COUNSEL), FOR APPELLANT.

MARRIS & BARTHOLOMAE, P.C., SYRACUSE (WILLIAM R. BARTHOLOMAE OF COUNSEL), FOR DEFENDANT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Onondaga County (John J. Brunetti, A.J.), dated March 23, 2010. The order granted the motion of defendant to dismiss the indictment pursuant to CPL 210.20 (1) (f) and 30.10.

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law, the motion seeking to dismiss the indictment is denied, the indictment is reinstated, and the matter is remitted to Supreme Court, Onondaga County, for further proceedings on the indictment.

Memorandum: The People appeal from an order granting defendant's motion to dismiss the indictment. We reverse. Defendant was indicted on October 9, 2009 for endangering the welfare of a child (Penal Law § 260.10 [1]) based on evidence that she suffered from Munchausen syndrome by proxy and had subjected her son to unnecessary medical treatments from 2000 through 2009. Although most of the allegedly unnecessary medical intervention occurred in New York, the child was also hospitalized in Massachusetts for blood poisoning in 2007. The child's medical records indicate that the hospital staff in Massachusetts suspected defendant of intentionally sickening the child. Also, while the child was still hospitalized in Massachusetts in December 2007, the hospital staff suspected defendant of intentionally sickening the child again when a tube of black acrylic paint was found in his stool, and defendant was banned from the hospital. Indeed, a physician at the hospital testified before the grand jury that he believed defendant, who was a nurse, had used the paint in an attempt to make the child's stool appear bloody and thereby generate further medical tests on the child.

We agree with the People that Supreme Court erred in determining that it did not have geographical jurisdiction over the offense. CPL

20.20 codifies the rule that, "for [New York] to have criminal jurisdiction, either the alleged conduct or some consequence of it must have occurred within the State" (*People v McLaughlin*, 80 NY2d 466, 471). Pursuant to CPL 20.20 (1) (a), a person may be prosecuted in New York when an element of the offense occurred in the State. Endangering the welfare of a child is considered a continuing offense because it "does not necessarily contemplate a single act . . . [Rather], a defendant may be guilty of [that offense] by virtue of a series of acts, none of which may be enough by itself to constitute the offense, but each of which when combined make out the crime" (*People v Keindl*, 68 NY2d 410, 421, *rearg denied* 69 NY2d 823; *see People v Hutzler*, 270 AD2d 934, 935-936, *lv denied* 94 NY2d 948).

Here, defendant began abusing her son in New York and continued in that course of conduct in Massachusetts. The record establishes that several tubes were unnecessarily surgically implanted in the child and that at least one of those tubes was implanted in New York before the child ever received any treatment in Massachusetts. Furthermore, the record of the grand jury proceeding establishes that unnecessary biopsies and X rays were conducted on the child in New York. We thus conclude that an element of endangering the welfare of a child occurred in New York and that the court had geographical jurisdiction over the offense pursuant to CPL 20.20 (1) (a) (*see People v Muhammad*, 13 AD3d 120, 121, *lv denied* 4 NY3d 801, 828; *People v Quackenbush*, 98 AD2d 875; *People v Hogle*, 18 Misc 3d 715, 720).

We also agree with the People that the indictment is not time-barred. The offense of endangering the welfare of a child, a class A misdemeanor, is subject to a two-year statute of limitations (*see* CPL 30.10 [2] [c]). The limitations period does not commence until after the last act of abuse occurs (*see People v DeLong*, 206 AD2d 914, 916), which was in December 2007. Thus, the indictment filed in October 2009 is timely.

Entered:  May 6, 2011                              Patricia L. Morgan
                                                   Clerk of the Court