(July 10, 2014)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE PALAGUACHI, Appellant. [990 NYS2d 22]—

Judgment, Supreme Court, New York County (Lewis Bart Stone, J.), rendered September 22, 2010, convicting defendant, after a jury trial, of rape in the first degree and sexual abuse in the first degree, and sentencing him to an aggregate term of 10 years, unanimously affirmed.

Defendant's evidentiary arguments are unpreserved and we decline to review them in the interest of justice. As an alternative holding, we find no basis for reversal. The court properly received testimony that came within the permissible scope of prompt outcry evidence (*see People v McDaniel*, 81 NY2d 10 [1993]), testimony concerning the victim's demeanor after the attack (*see People v Cordero*, 257 AD2d 372, 376 [1st Dept 1999], *lv denied* 93 NY2d 968 [1999]), and expert testimony by the emergency room nurse who treated the victim (*see People v Lee*, 96 NY2d 157 [2001]). In any event, any errors regarding these matters were harmless (*see People v Crimmins*, 36 NY2d 230 [1975]).

Defendant did not preserve his claim that the court violated the procedures set forth in *People v O'Rama* (78 NY2d 270 [1991]), and there was no mode of proceedings error (*see People v Williams*, 21 NY3d 932, 934-935 [2013]). With regard to 9 of the 10 jury notes at issue, although the court did not comply fully with the *O'Rama* procedure, the record establishes that

counsel was apprised of the specific contents of the notes and afforded a meaningful opportunity to provide input. As to the final note, the record is inadequate to establish whether counsel received an opportunity to be heard (*see People v McLean*, 15 NY3d 117, 121 [2010]). However, the record does show that defense counsel had notice of the note, which the court read aloud in open court, and failed to object. Moreover, the court's initial response to this note was simply an announcement that a substantive instruction would be forthcoming, which was "essentially the ministerial act of saying, 'Wait' " (*People v Williams*, 38 AD3d 429, 431 [1st Dept 2007], *lv denied* 9 NY3d 965 [2007]), and the record establishes that counsel had input regarding the substantive response that the court ultimately delivered. Accordingly, none of defendant's *O'Rama* claims are exempt from preservation requirements, and we decline to review these unpreserved claims in the interest of justice. As an alternative holding, we find no basis for reversal.

Defendant's claim that his counsel rendered ineffective assistance by failing to preserve the issues defendant raises on appeal is unreviewable because it involves matters of strategy not reflected in, or fully explained by, the record (*see People v Rivera*, 71 NY2d 705, 709 [1988]; *People v Love*, 57 NY2d 998 [1982]). Accordingly, since defendant has not made a CPL 440.10 motion, the merits of the ineffectiveness claim may not be addressed on appeal. In the alternative, to the extent the existing record permits review, we find that defendant received effective assistance under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *Strickland v Washington*, 466 US 668 [1984]). Defendant has not shown that his counsel's failure to raise these issues fell below an objective standard of reasonableness, or that, viewed individually or collectively, they deprived defendant of a fair trial or affected the outcome of the case (*compare People v Cass*, 18 NY3d 553, 564 [2012], *with People v Fisher*, 18 NY3d 964 [2012]). Concur— Gonzalez, P.J., Sweeny, Moskowitz, Freedman and Kapnick, JJ.