(May 19, 2016)

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAFAEL NEVARO, Appellant. [31 NYS3d 498]—

Judgments, Supreme Court, New York County (Juan M. Merchan, J.), rendered June 17, 2013, convicting defendant, after a jury trial, of kidnapping in the second degree, coercion in the first degree, criminal possession of a weapon in the third degree, endangering the welfare of a child (two counts), bribing a witness, tampering with a witness in the fourth degree and criminal contempt in the second degree, and sentencing him, as a second felony offender, to an aggregate term of 15 years, unanimously modified, on the law, to the extent of vacating the kidnapping conviction, and dismissing that count of the indictment, and otherwise affirmed.

The kidnapping conviction was not supported by legally sufficient evidence. Since there was no evidence that defendant threatened to use deadly physical force against the victim if she tried to leave her apartment, he did not abduct her within the meaning of the statute (*see Matter of Luis V.*, 216 AD2d 15 [1st Dept 1995], *lv denied* 87 NY2d 803 [1995]). In context and under the circumstances, defendant's threat to set fire to the apartment if the victim left him there can only be understood as one to damage her property, in her absence and without endangering her safety. Although defendant separately threatened to kill the victim's son if she failed to pay him money, that threat was not related to the confinement of the victim in the apartment.

However, we reject defendant's remaining challenges to the sufficiency and weight of the evidence (*see People v Danielson*, 9 NY3d 342 [2007]). There is no basis for disturbing the jury's credibility determinations. The coercion charge was established by evidence that defendant compelled the victim to remain in the apartment by threatening to damage her property if she left, and the People's case was not limited to a different theory. The witness-bribing charge was established by evidence supporting an inference that defendant had "at least a unilateral perception or belief" (*People v Bac Tran*, 80 NY2d 170, 178 [1992]) that he was making an offer that would result in the victim being influenced not to testify.

The court appropriately exercised its discretion in admitting evidence of defendant's prior act of domestic violence against the victim. The evidence at issue was interconnected with the charged crimes, tended to place the People's case in a believable context, and was responsive to claims made by defendant in his opening statement and cross-examination (*see People v Leeson*, 12 NY3d 823, 827 [2009]; *People v Dorm*, 12 NY3d 16, 19 [2009]; *People v Steinberg*, 170 AD2d 50, 72-74 [1st Dept

1991], *affd* 79 NY2d 673 [1992]). The probative value of this evidence outweighed its prejudicial effect, which was minimized by the court's limiting instructions.

We perceive no basis for reducing the remaining sentences. Concur—Sweeny, J.P., Renwick, Andrias, Kapnick and Kahn, JJ.