■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CESAR URBINA, Appellant. [39 NYS3d 489]—

Appeal by the defendant from a judgment of the County Court, Westchester County (Adler, J.), rendered July 22, 2013, convicting him of attempted sexual abuse in the first degree, upon a nonjury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was charged with attempted rape in the first degree (Penal Law §§ 110.00, 130.35 [1]), attempted rape in the

third degree (Penal Law §§ 110.00, 130.25 [3]), criminal possession of a weapon in the third degree (Penal Law § 265.02 [1]), and attempted sexual abuse in the first degree (Penal Law §§ 110.00, 130.65 [1]).

At trial, the complainant testified that she had permitted the defendant, a neighbor, to enter her apartment after he told her that he had been locked out of his apartment. The defendant remained in the complainant's apartment for several hours without incident, but then suddenly grabbed her from behind, held a knife to her throat, demanded "sex," and directed her to do as he said and not to scream, stating, "you know what I want." He pushed her onto her sofa, tried to spread her legs apart, and told her to take her pants off, but, before she did so, he stopped and expressed remorse. The complainant and the defendant then spoke for more than an hour before the complainant was able to persuade the defendant to leave her apartment at about 2:00 a.m. Later that morning, the complainant told a friend, who testified at trial, what had happened. The complainant then reported the incident to the police later that afternoon. After a nonjury trial, the defendant was convicted of attempted sexual abuse in the first degree, and acquitted of the remaining counts in the indictment.

Viewing the evidence in the light most favorable to the prosecution (*see People v Gordon*, 23 NY3d 643, 649 [2014]; *People v Delamota*, 18 NY3d 107, 113 [2011]; *People v Contes*, 60 NY2d 620, 621 [1983]), we find that the evidence was legally sufficient to establish the defendant's guilt of attempted sexual abuse in the first degree beyond a reasonable doubt (*see People v McCoy*, 271 AD2d 620 [2000]; *People v DeSilvia*, 253 AD2d 528 [1998]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342, 348-349 [2007]), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

Contrary to the defendant's contention, the trial court properly admitted, under the prompt outcry rule, testimony that the complainant reported the subject incident to her friend, as such evidence was competent to corroborate the allegation that the incident took place (*see People v McDaniel*, 81 NY2d 10, 16 [1993]). The report, which was made less than

eight hours after the incident occurred, was made " 'at the first suitable opportunity' " (*id.* at 17, quoting *People v O'Sullivan*, 104 NY 481, 486 [1887]; *see People v Cridelle*, 112 AD3d 1141, 1143-1144 [2013]; *People v Aller*, 33 AD3d 621, 622 [2006]).

The defendant's contention that certain of the prosecutor's comments during summation deprived him of his right to a fair trial is unpreserved for appellate review because he failed to object to the challenged comments (*see* CPL 470.05 [2]; *People v Montalvo*, 34 AD3d 600, 601 [2006]). In any event, the defendant's contention is without merits, as the comments were either fair comment on the evidence, fair response to the defense summation, or within the broad bounds of permissible rhetorical comment (*see People v Ragen*, 140 AD3d 1092, 1093 [2016]; *People v Singh*, 138 AD3d 767, 768 [2016]; *People v Aviles*, 119 AD3d 871, 872 [2014]).

The defendant's remaining contention, raised in Point Two of his brief, is without merit. Chambers, J.P., Dickerson, Miller and Connolly, JJ., concur.