██ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEITH TURSE, Appellant. [52 NYS3d 657]—

Appeal by the defendant from a judgment of the County Court, Orange County (Berry, J.), rendered June 3, 2014, convicting him of rape in the first degree, rape in the third degree, criminal sexual act in the first degree, criminal sexual act in the third degree, and endangering the welfare of a child, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

At trial, the complainant, who was 12 years old at the time of the events in issue, testified that she encountered the then-23-year-old defendant, with whom she was familiar, in a park on August 18, 2013. The complainant further provided detailed testimony regarding the defendant's commission of various sexual offenses against her on that occasion, despite her repeated protests that he stop and several attempts by her to leave the scene. The defendant only stopped when the complainant's friend came upon the scene and interrupted him. The complainant's friend likewise testified that she found the complainant and the defendant engaged in intercourse when she encountered them in the park, and that the defendant jumped off of the complainant when he saw her. Furthermore, the prosecution presented a New York State Police investigator who testified that he conducted a videotaped interview of the defendant. In that interview, the defendant admitted that, despite knowing the complainant's age, he had sexual contact with her and sexually penetrated her during the incident.

At the close of the nonjury trial, the County Court rendered a verdict finding the defendant guilty of rape in the first degree, rape in the third degree, criminal sexual act in the first degree, criminal sexual act in the third degree, and endangering the welfare of a child.

The defendant's challenge to the legal sufficiency of the evidence is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt of each charge beyond a reasonable doubt (*see* Penal Law §§ 130.25 [3];

130.35 [4]; 130.40 [3]; 130.50 [4]; 260.10 [1]; *People v Carroll*, 95 NY2d 375, 383-384 [2000]; *People v Williams*, 259 AD2d 509 [1999]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342, 349 [2007]), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe their demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). In this regard, neither the absence of proof of physical injury to the complainant, nor her making of other statements that were partly inconsistent with her trial testimony, rendered her account incredible. Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633, 644-645 [2006]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Mastro, J.P., Chambers, Roman and Connolly, JJ., concur.