People v Tookes (2019 NY Slip Op 08503)





People v Tookes


2019 NY Slip Op 08503


Decided on November 21, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 21, 2019

Friedman, J.P., Renwick, Oing, Singh, JJ.


10419 3007/14

[*1] The People of the State of New York, Respondent,
v
Willie Tookes, Defendant-Appellant.


Christina A. Swarns, Office of the Appellate Defender, New York (Rosemary Herbert of counsel) and Pierce Bainbridge Beck Price & Hecht LLP, New York (Stephen P. Farrelly of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (John T. Hughes of counsel), for respondent.



Judgment, Supreme Court, New York County (Daniel P. Conviser, J.), rendered September 22, 2015 convicting defendant, after a jury trial, of burglary in the first degree (two counts), robbery in the first degree, robbery in the second degree (two counts) and assault in the second degree, and sentencing him, as a second violent felony offender, to an aggregate term of 15 years, unanimously affirmed.
The court providently exercised its discretion in admitting testimony by the victim, defendant's ex-fiancée, concerning defendant's prior bad acts. The evidence was relevant to defendant's motive for his criminal conduct, and it provided necessary background to explain the relationship between the
defendant and the victim (see People v Dorm, 12 NY3d 16, 19 [2009]; People v Steinberg, 170 AD2d 50, 72-74 [1991], affd 79 NY2d 673 [1992]). In addition, the evidence was interconnected with the charged crimes and tended to place the People's case in a believable context (see People v Nevaro, 139 AD3d 525, 526 [1st Dept 2016], lv denied 28 NY3d 934 [2016]). The probative value of this evidence outweighed its prejudicial effect.
Defendant did not preserve his claims that the court should have made individualized rulings as to allegedly separate uncharged crimes and should have given limiting instructions to the jury, or any of his challenges to the prosecutor's summation, and we decline to review them in the interest of justice. As an alternative holding, we find no basis for reversal.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 21, 2019
DEPUTY CLERK