People v Lides (2021 NY Slip Op 07290)





People v Lides


2021 NY Slip Op 07290


Decided on December 22, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 22, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
WILLIAM G. FORD
DEBORAH A. DOWLING, JJ.


2018-02111
 (Ind. No. 1947/16)

[*1]The People of the State of New York, respondent,
v
John Lides, appellant.


Goldberger & Dubin, P.C., New York, NY (Edgar L. Fankbonner of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Nancy Fitzpatrick Talcott, and Antara D. Kanth of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Stephanie Zaro, J.), rendered January 8, 2018, convicting him of course of sexual conduct against a child in the first degree and criminal sexual act in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was accused of subjecting the complainant, his stepdaughter, to a course of sexual abuse beginning in 2009, when the complainant was 10 years old. After a jury trial, the defendant was convicted of course of sexual conduct against a child in the first degree and criminal sexual act in the second degree.
Contrary to the defendant's contention, the Supreme Court providently exercised its discretion in permitting the People to elicit certain evidence of the defendant's prior bad acts toward the complainant and the other children in the household (see People v Molineux, 168 NY 264). The evidence—which did not include any alleged misconduct of a sexual nature—provided necessary background information both to explain the complainant's delayed disclosure and regarding the nature of the relationship between the defendant and the complainant, and placed the events in question in an understandable context (see People v Dorm, 12 NY3d 16; People v Darby, 196 AD3d 643; People v Tebout, 179 AD3d 1099).
Contrary to the defendant's contention, the complainant's outcry to her close friend when the complainant was 12 years old was prompt since she made the outcry while the abuse was ongoing (see People v Rosario, 17 NY3d 501, 515; People v Corrion, 195 AD3d 448; People v Gross, 172 AD3d 741, 743-744). Moreover, the nonspecific testimony of the complainant's uncle regarding the complainant's later reports of sexual abuse did not constitute improper bolstering, as it was offered for the relevant, nonhearsay purpose of explaining the investigative process and completing the narrative of events leading to the defendant's arrest (see People v Ludwig, 24 NY3d 221, 231; People v Rosario, 100 AD3d 660, 661).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
RIVERA, J.P., CHAMBERS, FORD and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court