People v Perez-Castellanos (2022 NY Slip Op 07514)

People v Perez-Castellanos

2022 NY Slip Op 07514

Decided on December 29, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 29, 2022

Before: Kern, J.P., Kennedy, Scarpulla, Pitt-Burke, Higgitt, JJ. 

Ind. No. 3261/18 Appeal No. 16987 Case No. 2020-00249 

[*1]The People of the State of New York, Respondent,
v
Leudy Perez-Castellanos, Defendant-Appellant.

Robert S. Dean, Center for Appellate Litigation, New York (Abigail Everett of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Rachel Bond of counsel), for respondent.

Judgment, Supreme Court, New York County (Robert M. Mandelbaum, J.), rendered October 28, 2019, convicting defendant, after a jury trial, of predatory sexual assault against a child and course of sexual conduct against a child in the first degree, and sentencing him to an aggregate term of 50 years to life, unanimously affirmed.
The court providently exercised its discretion in admitting uncharged acts of sexual abuse, against the same victims, that occurred outside the times charged in the indictment. Under the unusual facts presented, the uncharged crimes were inextricably interwoven with the charged crimes, and were admissible to provide necessary background information, to complete the narrative, and to "place the People's case in a believable context" (People v Nevaro, 139 AD3d 525, 526 [1st Dept 2016], lv denied 28 NY3d 934 [2016]; see People v Dorm, 12 NY3d 16, 19 [2009]; People v Steinberg, 170 AD2d 50, 72-74 [1991], affd 79 NY2d 673 [1992]). Although defendant abused his young cousins for continuous periods of up to seven years, because of statutory requirements regarding the respective ages of the victim and defendant, he was only charged with particular periods of abuse that met those requirements. These periods would appear to the jury to be inexplicably disconnected. Limiting the victims' testimony to only these disjointed charged periods would misleadingly suggest that no abuse happened outside of those periods, and could make the charged incidents appear to be implausible. The probative value of the uncharged crimes evidence outweighed any prejudicial effect.
The court also providently exercised its discretion in permitting the victims to testify about how they came to reveal the abuse to others, and in permitting the nonvictims to whom these disclosures were made to give brief and limited testimony about the victims' disclosures. The prior consistent statements, for which the court issued appropriate limiting instructions, were admissible to assist in "explaining the investigative process and completing the narrative of events leading to the defendant's arrest" (People v Ludwig, 24 NY3d 221, 231 [2014]; see also People v Honghirum, 29 NY3d 284, 289-290 [2017]; People v Gross, 26 NY3d 689, 694-695 [2016]). Although the disclosures at issue were made to civilians rather than being made directly to the police, this evidence tended to explain the long, complex chain of events that transpired between the crimes and defendant's ultimate arrest. Testimony about the victims'
demeanors when they disclosed the abuse was also admissible (see People v Spicola, 16 NY3d 441, 452 n 2 [2011]). In any event, any error regarding these issues was harmless (see People v Rosario, 17 NY3d 501, 515 [2011]).
We perceive no basis for reducing the sentence. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 29, 2022