People v Robertson (2025 NY Slip Op 04109)

People v Robertson

2025 NY Slip Op 04109

Decided on July 9, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 9, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LARA J. GENOVESI
JANICE A. TAYLOR
JAMES P. MCCORMACK, JJ.

2022-06964
 (Ind. No. 3981/19)

[*1]The People of the State of New York, respondent,
v
Robert Robertson, appellant.

Myers & Galiardo, LLP, New York, NY (Matthew D. Myers of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Jean M. Joyce, and Katherine A. Walecka of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Donald Leo, J.), rendered March 10, 2022, convicting him of criminal sexual act in the first degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
On December 26, 2014, the defendant allegedly sexually abused the complainant, who, at the time of the alleged offense, was seven years old. At trial, the People presented, inter alia, the testimony of the complainant, as well as the testimony of certain members of her family, who testified as to their observations of the complainant's behavior after the subject incident and regarding her eventual disclosure of the abuse. A jury convicted the defendant of criminal sexual act in the first degree.
The defendant's challenge to the legal sufficiency of the evidence is unpreserved for appellate review, as defense counsel made only a general motion for a trial order of dismissal, which failed to specify any particular error (see CPL 470.05[2]; People v Hawkins, 11 NY3d 484). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (see People v Arroyo, 54 NY2d 567, 578; People v Clas, 54 AD3d 770, 771). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). In this regard, neither the absence of additional witnesses to the abuse, nor minor inconsistencies in the complainant's trial testimony, rendered her account incredible (see People v Turse, 150 AD3d 1158, 1159). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Danielson, 9 NY3d at 348-349).
"While it is generally improper to introduce testimony that [a] witness had previously made prior consistent statements to bolster the witness's credibility, the use of prior consistent [*2]statements is permitted to demonstrate a prompt outcry, rebut a charge of recent fabrication, or to assist in explaining the investigative process and completing the narrative of events leading to the defendant's arrest" (People v Honghirun, 29 NY3d 284, 289 [internal quotation marks omitted]). "The prompt outcry rule . . . permits evidence that a timely complaint was made, but does not allow further testimony as to the details of the incident" (People v Gross, 172 AD3d 741, 743 [internal quotation marks omitted]; see People v Rosario, 17 NY3d 501, 511). "A victim's outcry is prompt if it is made at the first suitable opportunity, which is a relative concept dependent on the facts, so that what might qualify as prompt in one case might not in another" (People v Gross, 172 AD3d at 743 [internal quotation marks omitted]; see People v McDaniel, 81 NY2d 10, 17). However, "[a] significant delay in reporting does not necessarily preclude outcry evidence, especially where the victim is a child" (People v Maisonette, 192 AD3d 1325, 1328 [internal quotation marks omitted]; see People v Rosario, 17 NY3d at 513).
Here, the Supreme Court permitted testimony concerning the complainant's first outcries to her sister and her mother approximately 4½ years after the subject incident. Under the circumstances of this case, including the complainant's young age, the ongoing and quasi-familial relationship between the complainant and the defendant, the defendant's statement to the complainant as she fled, and the complainant's fear of making the complaint sooner, the court properly admitted evidence of the complainant's outcries (see People v Evangelista, 155 AD3d 972, 972-973; People v Urbina, 143 AD3d 924, 925). Moreover, the nonspecific testimony regarding the complainant's later report of sexual abuse did not constitute improper bolstering, as it was offered for the nonhearsay purpose of completing the narrative of events (see People v Lides, 200 AD3d 990, 991; People v Jimenez, 148 AD3d 1054, 1055). Further, the testimony was accompanied by appropriate limiting instructions, which are presumed to have been heeded (see People v Craig, 187 AD3d 1039, 1040; People v Rosario, 100 AD3d 660, 661).
The defendant's contention that the Supreme Court should have excluded certain testimony about changes in the complainant's behavior shortly after the subject incident is without merit. This testimony was relevant to corroborate the complainant's testimony that the abuse in fact occurred, and was not unduly prejudicial (see People v Palaguachi, 119 AD3d 447, 447; People v Kidwell, 88 AD3d 1060, 1062). Similarly, the court properly admitted testimony about the complainant's demeanor while recounting the subject incident, as it was relevant to the credibility of the complainant's testimony that the abuse in fact occurred, after her credibility was called into question (see People v Ludwig, 24 NY3d 221, 231; People v Spicola, 16 NY3d 441, 452 n 2; People v Perez-Castellanos, 211 AD3d 646, 647).
The defendant contends that the Supreme Court should have excluded certain testimony about the effects that the allegations of abuse had on the complainant's other family members. However, contrary to the defendant's contention, this testimony was relevant to explain the complainant's delay in disclosing the abuse (see People v Hughes, 93 AD3d 889, 890; People v Khan, 88 AD3d 1014, 1014-1015), and any error with respect to the admission of this testimony was harmless (see People v Crimmins, 36 NY2d 230, 242).
The defendant's contention that the Supreme Court violated his right of confrontation by limiting defense counsel's cross-examination of the complainant is without merit. "[A]lthough a criminal defendant is guaranteed the right to confront adverse witnesses through cross-examination, the trial court has broad discretion to limit the scope of cross-examination when the questions are irrelevant or only marginally relevant, concern collateral issues, or pose a danger of misleading the jury" (People v Herrera-Machuca, 181 AD3d 901, 902; see People v Anderson, 235 AD3d 993, 994). Here, the defendant was afforded the opportunity to challenge the credibility and accuracy of the complainant's testimony, and the court providently exercised its discretion to the extent that it limited defense counsel's cross-examination (see People v Anderson, 235 AD3d at 994; People v Wingate, 184 AD3d 738, 739).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contentions are unpreserved for appellate review and, in [*3]any event, without merit.
CONNOLLY, J.P., GENOVESI, TAYLOR and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court