People v Zorrilla (2025 NY Slip Op 05582)

People v Zorrilla

2025 NY Slip Op 05582

Decided on October 09, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 09, 2025

Before: Kern, J.P., Friedman, Kapnick, Gesmer, Rodriguez, JJ. 

Ind No. 600/18|Appeal No. 4912|Case No. 2023-02676|

[*1]The People of the State of New York, Respondent,
v
Junior Zorrilla, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Carola M. Beeney of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Andrew E. Seewald of counsel), for respondent.

Judgment, Supreme Court, New York County (Abraham L. Clott, J. at motions; Maxwell Wiley, J. at nonjury trial and sentencing), rendered May 3, 2023, convicting defendant of predatory sexual assault against a child and endangering the welfare of a child, and sentencing him to an aggregate term of 10 years to life, unanimously affirmed.
We find that the verdict was not against the weight of the evidence, and there is no basis for disturbing the court's credibility determinations (see People v Danielson, 9 NY3d 342, 348-349 [2007]; see also People v Baque, 43 NY3d 26 [2024]). The victim's testimony established multiple sex acts, including instances of anal and vaginal sexual contact, committed over the course of several years (see Penal Law §§ 130.75[1][b], 130.96; People v Bartell, 221 AD3d 416, 417 [1st Dept 2023], lv denied 41 NY3d 1017 [2024]). The victim's testimony was corroborated by, among other things, testimony from her cousin, which revealed that she had contemporaneously disclosed the abuse, refuting the defense theory that the victim fabricated the accusations due to recent family conflicts. The court was best able to observe and assess the victim and defendant's credibility and demeanor in context with the evidence presented before it, and its findings are supported by the record (see People v Romero, 7 NY3d 633, 645-646 [2006]; People v Lane, 7 NY3d 888, 890 [2006]).
The evidence established the geographic jurisdiction of New York State over each offense (see CPL 20.20[1][a]; People v Kassebaum, 95 NY2d 611, 617-618 [2001], cert denied 532 US 1069 [2001]). Defendant was charged with predatory sexual assault against a child (Penal Law §130.96), under the theory that he committed first-degree course of sexual conduct against a child, which requires proof of "two or more acts of sexual conduct" (Penal Law § 130.75). As the offense is a continuing offense involving "a series of multiple sexual assaults of a child over an extended period of time" (People v Pabon, 28 NY3d 147, 154 [2016]), jurisdiction may be established by proof that the defendant committed at least one of the underlying sexual acts in New York (see People v Bernardo, 84 AD3d 1717, 1718 [4th Dept 2011], lv denied 17 NY3d 813 [2011]; People v Lin, 278 AD2d 114 [1st Dept 2000], lv denied 96 NY2d 788 [2001]; see generally People v Carvajal, 6 NY3d 305, 312 [2005] ["CPL 20.20[] has codified the general principle that, for New York to exercise criminal jurisdiction, some alleged conduct or a consequence of that conduct must have occurred in the state"]). Here, the victim's unequivocal testimony established that one of the sexual assaults occurred in New York, as part of a continuing course of conduct initiated in New Jersey.
The court providently exercised its discretion in permitting several witnesses to provide brief, limited testimony about how the victim revealed the abuse several years after it occurred, for the "relevant, nonhearsay purpose of explaining the investigative process and completing the narrative of events leading to the defendant's arrest" (People v Ludwig, 24 NY3d 221, 231 [2014]; People v Eaddy, 167 AD3d 428, 429 [1st Dept 2018], lv denied 32 NY3d 1203 [2019]). Here, the abuse was uncovered when a relative of the victim saw Facebook messages discussing the abuse in general terms, and neither these messages nor the testimony about them exceeded the bounds of the court's ruling or prejudiced defendant (see Ludwig, 24 NY3d at 230 ["prior consistent statements are notably less prejudicial to the opposing party than other forms of hearsay, since by definition the maker of the statement has said the same thing in court as out of it, and so credibility can be tested through cross-examination"]). None of the witnesses went into detail about the sexual abuse allegations, and the testimony recounting their observations of the victim's demeanor was permissible to aid the court in assessing her credibility (see People v Spicola, 16 NY3d 441, 452 n 2 [2011], cert denied 565 US 942 [2011]; People v Perez-Castellanos, 211 AD3d 646, 647 [1st Dept 2022], lv denied 39 NY3d 1143 [2023]).
In any event, any error in this regard is harmless, because the evidence of guilt was overwhelming (see People v Crimmins, 36 NY2d 230, 242 [1975]), and there was "no significant probability that, but for the errors relating to [the witness] testimony," defendant would have been acquitted (People v Diaz, 15 NY3d 40, 49 [2010]). Moreover, the court, as factfinder, is "presumed to have considered only the legally competent evidence adduced at trial and to have excluded inadmissible evidence from [their] deliberations and verdict" (People v Dones, 250 AD2d 381, 382 [1st Dept 1998]; see Pabon, 28 NY3d at 157).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 9, 2025