■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRANCE HUNTER, Also Known as JIMMIE COHEN, Appellant. [653 NYS2d 319] —Judgment, Supreme Court, New York County (James Leff, J.), rendered May 15, 1995, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the first degree and criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 15 years to life and 10 to 20 years, respectively, unanimously affirmed.

The court properly denied defendant's motion to suppress physical evidence. The radio run reporting that guns were being sold out of a described automobile at a particular location, and confirmatory police observations at the scene, provided an objective, credible reason for the police to approach the car in question and seek information from defendant, its sole occupant (see, People v Harrison, 57 NY2d 470, 475). When defendant fled at the sight of the police, who observed that defendant ran awkwardly and appeared to be clutching an object to his chest and out of view, the combined circumstances provided reasonable suspicion that criminal activity was at hand, thereby justifying the police pursuit and stop of defendant (People v Matienzo, 81 NY2d 778).

The People proved defendant's guilt of the crimes charged beyond a reasonable doubt (People v Malizia, 62 NY2d 755, cert denied 469 US 932). Indeed, the evidence against defendant was overwhelming.

Defendant's untruthful and misleading direct testimony regarding his prior felony convictions opened the door to the court's modification of its initial Sandoval ruling (People v Santiago, 169 AD2d 557, lv denied 77 NY2d 1000).

Despite an isolated misstatement during the jury charge on criminal possession of a controlled substance in the third degree, the trial court's jury charge regarding reasonable doubt, when viewed as a whole, repeatedly conveyed to the jury the proper standards and there is no basis for concluding that the jury did not follow such instruction (see, People v Coleman, 70 NY2d 817).

We perceive no abuse of discretion in sentencing.

Defendant's additional claims of error are without merit. Concur—Sullivan, J. P., Rosenberger, Wallach and Williams, JJ.