■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEAN SANDY, Appellant. [782 NYS2d 790]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Rappaport, J.), rendered May 14, 2002, convicting him of attempted robbery in the first degree, attempted robbery in the second degree, and assault in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

A party asserting a *Batson* claim (*see Batson v Kentucky*, 476 US 79 [1986]) bears the initial burden of presenting a prima facie case by alleging facts sufficient to raise an inference that the peremptory strikes were exercised for a discriminatory purpose (*see People v Payne*, 88 NY2d 172 [1996]; *People v Childress*, 81 NY2d 263, 266 [1993]). Here, the defendant merely alleged that the People used all of their second round peremptory challenges to challenge black female prospective jurors. However, sheer numbers or a disproportionate number of strikes are rarely dispositive of the issue of whether there was purposeful discrimination (*see People v Childress, supra* at 267; *People v Phillips*, 259 AD2d 565, 566 [1999]).

A review of the trial court's charge on reasonable doubt reveals that, as a whole, it adequately conveyed the concept of reasonable doubt to the jury (*see People v Hunter*, 235 AD2d 378 [1997]; *People v Cliff*, 230 AD2d 865, 866 [1996], *lv denied* 88 NY2d 1067 [1996], *cert denied* 520 US 1158 [1997]).

The defendant's remaining contentions are unpreserved for appellate review and, in any event, are without merit. Prudenti, P.J., Krausman, Adams and Spolzino, JJ., concur.