■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PARIS BULLOCK, Appellant. [813 NYS2d 223]—

Appeal by the defendant from a judgment of the County Court, Westchester County (DiBella, J.), rendered July 6, 2004, convicting him of assault in the first degree, assault in the second degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that he was deprived of a fair trial by being compelled to appear at jury selection in his prison attire is unpreserved for appellate review because the defendant did not raise an objection until the second day of jury selection, after a full day had been completed (*Estelle v Williams*, 425 US 501, 512-513 [1976]; *People v Farless*, 245 AD2d 878, 879 [1997]). In any event, the defendant's contention is without merit because, before making any appearance, the defendant indicated to the court that he was appearing at jury selection in his prison attire. Moreover, the court offered to adjourn the proceedings and contact the Department of Corrections to assist the defendant in obtaining his civilian clothing, but the defendant declined the court's offer. In addition, the defendant's jacket was available for him to wear over his prison attire, but he declined to do so. Therefore, the defendant was not compelled to appear at jury selection wearing prison attire (*see Estelle v Williams, supra*).

The defendant's contention that he was deprived of the effective assistance of counsel is similarly without merit. To prevail

on a claim of ineffective assistance of counsel, "it is incumbent on [the] defendant to demonstrate the absence of strategic or other legitimate explanations for counsel's alleged shortcomings" (*People v Benevento,* 91 NY2d 708, 712 [1998] [internal quotation marks omitted]; *see People v Jean,* 21 AD3d 499 [2005]). "So long as the evidence, the law, and the circumstances of a particular case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation, the constitutional requirement will have been met" (*People v Baldi,* 54 NY2d 137, 147 [1981]; *see People v Jean, supra*). Here, the defendant received meaningful representation (*see People v Benevento, supra*). The defense counsel presented a clear and cogent opening and summation, conducted adequate cross-examination of the People's witnesses during the trial and pretrial hearings, and secured the defendant an acquittal on one count of assault in the first degree. Krausman, J.P., Spolzino, Lifson and Dillon, JJ., concur.