■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EFRAIN ORTIZ, Appellant. [953 NYS2d 196]—

Judgment, Supreme Court, New York County (A. Kirke Bartley, Jr., J.), rendered August 2, 2007, convicting defendant, after a jury trial, of kidnapping in the first degree, rape in the first and second degrees (four counts each), criminal sexual act in the first and second degrees (two counts each), assault in the third degree (two counts), and menacing in the second degree, and sentencing him, as a second violent felony offender, to an aggregate term of 30 years to life, unanimously affirmed.

The verdict was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations, including its resolution of inconsistencies in testimony.

The court properly exercised its discretion in precluding defendant from cross-examining the victim about her prior sexual activity with defendant (*see generally People v Scott*, 16 NY3d 589, 594 [2011]), and the court's ruling had no adverse impact on defendant's ability to present his defense of consent. Although the Rape Shield Law does not bar evidence of an alleged victim's prior sexual conduct with the accused (*see* CPL 60.42 [1]), the proposed line of questioning lacked any probative value

in this case. Furthermore, the jury was well aware that defendant was the victim's ex-boyfriend, and that during the relationship she had been in love with him. In any event, any error in precluding this line of cross-examination was harmless. Defendant's claim that this ruling violated his constitutional right of confrontation is unpreserved (*see People v Lane*, 7 NY3d 888, 889 [2006]; *People v Kello*, 96 NY2d 740, 743 [2001]), as well as being improperly raised for the first time in a reply brief (*see e.g. People v Napolitano*, 282 AD2d 49, 53 [2001], *lv denied* 96 NY2d 866 [2001]), and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits.

Defendant failed to preserve his present challenges to the prosecutor's summation, and we decline to review them in the interest of justice. As an alternative holding, we find that the challenged remarks were generally responsive to the defense summation (*see People v Overlee*, 236 AD2d 133 [1st Dept 1997], *lv denied* 91 NY2d 976 [1998]), and that although some of these remarks should have been avoided, they did not deprive defendant of a fair trial (*see People v D'Alessandro*, 184 AD2d 114, 118-119 [1st Dept 1992], *lv denied* 81 NY2d 884 [1993]).

Defendant's claim that the verdict was legally repugnant is unpreserved and we decline to review it in the interests of justice. As an alternative holding, we find that the verdict was not repugnant. "If there is a possible theory under which a split verdict could be legally permissible," as charged to the jury, the verdict "cannot be repugnant, regardless of whether that theory has evidentiary support in a particular case" (*People v Muhammad*, 17 NY3d 532, 540 [2011]). Defendant was charged with groups of sex crimes relating to six incidents that occurred during the kidnapping, over the course of three days. The jury convicted defendant of the charges relating to four of the six incidents. The court instructed the jury to consider the counts separately, and it was free to reach different verdicts regarding different incidents (*see People v Rayam*, 94 NY2d 557 [2000]). In any event, the jury could have rationally concluded that the evidence was deficient with respect to two of the incidents.

Defendant's ineffective assistance of counsel claims are unreviewable on direct appeal because they involve matters outside the record concerning counsel's trial preparation and strategy (*see People v Rivera*, 71 NY2d 705, 709 [1988]; *People v Love*, 57 NY2d 998 [1982]). In particular, the unexpanded record is silent as to counsel's reason for not making a repugnant verdict motion. We note that counsel could have deemed such a motion futile, or even counterproductive given that a timely objection could have resulted in resubmission to the jury and

the risk of defendant's conviction on more, rather than fewer, counts (see *People v Salemmo*, 38 NY2d 357 [1976]).

On the existing record, to the extent it permits review, we find that defendant received effective assistance under the state and federal standards (see *People v Benevento*, 91 NY2d 708, 713-714 [1998]; see also *Strickland v Washington*, 466 US 668 [1984]). Defendant has not shown that his counsel's lack of objection to the prosecutor's summation or to the mixed verdict fell below an objective standard of reasonableness, or that it deprived defendant of a fair trial, affected the outcome of the case, or caused defendant any prejudice. In addition, there is no evidence that counsel was inadequately prepared for trial, or that the court should have granted him more time for preparation. Concur—Tom, J.P., Sweeny, Acosta, DeGrasse and Richter, JJ.