■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LINVIAL CROSDALE, Appellant. [962 NYS2d 160]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Knopf, J.), rendered on March 1, 2010, convicting him of robbery in the first degree and unlawful imprisonment in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification evidence.

Ordered that the judgment is affirmed.

The Supreme Court properly denied, after a hearing, that branch of the defendant's omnibus motion which was to suppress identification evidence. In determining whether a photographic array displayed to an eyewitness was unduly suggestive, the hearing court properly determined that there was not a substantial likelihood that the defendant would be singled out for identification. Two separate showings of a suspect's picture in successive photographic arrays are not per se impermissibly suggestive, even if that suspect is the only person whose photo was repeated in the successive photographic arrays (*see People v Dunlap*, 9 AD3d 434, 435 [2004]). Furthermore, the large number of photographs viewed by the complainant herein militates against the presence of suggestiveness (*see People v Fields*, 66 AD3d 799 [2009]). As the photo identification procedure was not unduly suggestive, the People were not required to establish an independent source for the in-court identification of the defendant (*see People v Fields*, 66 AD3d 799 [2009]).

Contrary to the People's contention, the defendant's argument that the evidence was legally insufficient to support his convictions of robbery in the first degree and unlawful imprisonment in the second degree is preserved for appellate review (*see* CPL 470.05 [2]). Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), the evidence was legally sufficient to establish the defendant's guilt of robbery in the first degree and unlawful imprisonment in the second degree (*see* Penal Law §§ 160.15 [4]; 135.05). Moreover, upon our independent review pursuant

to CPL 470.15 (5), we are satisfied that the verdict of guilt as to those crimes was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The trial court properly precluded the testimony of the defense's expert as it related to the phenomenon of "flashbulb memory." "A trial court may, in its discretion, admit, limit, or deny the testimony of an expert on the reliability of eyewitness identification, weighing a request to introduce such expert testimony against other relevant factors, such as the centrality of the identification issue and the existence of corroborating evidence" (*People v Santiago*, 17 NY3d 661, 668-669 [2011] [internal quotation marks omitted]). Here, after the court posed a direct inquiry to the defense's expert as to whether the phenomenon of flashbulb memory relates to the ability to make an identification, the expert replied that the literature on flashbulb memory had not typically studied one's ability to make an identification. Thus, the court properly precluded the expert's testimony to the extent that it related to the concept of flashbulb memory, as it was irrelevant to the issues presented by the case (*see generally People v LeGrand*, 8 NY3d 449 [2007]).

The defendant's contention that certain comments made by the prosecutor during summation deprived him of a fair trial is unpreserved for appellate review since he either failed to object to such comments or failed to object on the specific grounds raised on this appeal (*see* CPL 470.05 [2]; *People v Heide*, 84 NY2d 943 [1994]). In any event, the comments were either fair comment on the evidence and the reasonable inferences to be drawn therefrom, responsive to defense counsel's summation, or permissible rhetorical comment (*see People v Ashwal*, 39 NY2d 105, 109-110 [1976]; *People v Stewart*, 89 AD3d 1044, 1045 [2011]).

There is no merit to the defendant's contention that he received ineffective assistance of counsel because defense counsel elicited from the defendant's alibi witness the wrong date of his arrest, thereby giving the impression that the witness proffered alibi evidence for the wrong night (*see generally People v Benevento*, 91 NY2d 708 [1998]). Defense counsel elicited testimony from the defendant's witness supporting his alibi that he was at home asleep at the time of the crime. Furthermore, the alibi witness's confusion about the date that the police arrested the defendant did not diminish the legitimacy of the defendant's misidentification defense (*see People v Henry*, 95 NY2d 563, 566 [2000]).

The defendant failed to preserve for appellate review his contention that his conviction of unlawful imprisonment in the

second degree should be vacated pursuant to the merger doctrine, since the physical restraint imposed upon the complainant in this case was incidental to and inseparable from the substantive crime of robbery and, therefore, cannot support a separate charge for unlawful imprisonment (*see People v Ocasio*, 32 AD3d 481 [2006]). In any event, this argument is without merit. The merger doctrine is intended to preclude conviction for kidnaping or unlawful imprisonment "based on acts which are so much the part of another substantive crime that the substantive crime could not have been committed without such acts and that independent criminal responsibility may not fairly be attributed to them" (*People v Bussey*, 19 NY3d 231, 237 [2012] [internal quotation marks and citation omitted]; *see generally People v Anekwe*, 295 AD2d 621 [2002]). The restraint in this case continued past the completion of the acts underlying the robbery (*see People v Armstrong*, 250 AD2d 618 [1998]). Accordingly, the count of the indictment charging the defendant with unlawful imprisonment in the second degree did not merge with the count charging him with robbery in the first degree.

The defendant's remaining contentions are without merit. Balkin, J.P., Hall, Austin and Cohen, JJ., concur.