Appeal by the defendant from a judgment of the Supreme Court, Kangs County (Parker, J.), rendered December 17, 2009, convicting him of attempted assault in the first degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant’s omnibus motion which was to suppress identification testimony.
Ordered that the judgment is affirmed.
The hearing court properly denied that branch of the defendant’s omnibus motion which was to suppress identification testimony. The People established in the first instance that the photographic array and lineup were not improper, and the defendant failed to establish that the procedures were unduly suggestive (see People v Chipp, 75 NY2d 327, 335-336 [1990]; People v Birot, 99 AD3d 933 [2012]; People v Seymour, 77 AD3d 976, 978 [2010]).
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant’s guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury’s opportunity to *878 view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410 [2004], cert denied 542 US 946 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]).
The defendant’s contention that he was deprived of a fair trial by certain remarks made by the prosecutor during summation is largely unpreserved for appellate review (see CPL 470.05 [2]; People v Wright, 90 AD3d 679 [2011]). In any event, the challenged remarks were fair comment on the evidence, were permissible rhetorical comment, constituted a fair response to defense counsel’s summation, or otherwise do not warrant reversal (see People v Galloway, 54 NY2d 396, 401 [1981]; People v Ashwal, 39 NY2d 105, 109-110 [1976]; People v Hernandez, 92 AD3d 802, 803 [2012]).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80, 83 [1982]).
The defendant’s remaining contention is unpreserved for appellate review and, in any event, without merit. Rivera, J.E, Angiolillo, Chambers and Roman, JJ, concur.