■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HERBERT SIMMONS, Appellant. [965 NYS2d 618]—

Appeals by the defendant from (1) a judgment of the Supreme Court, Queens County (McGann, J.), rendered October 28, 2010, convicting him of rape in the second degree (two counts), criminal sexual act in the second degree, and attempted rape in the second degree under indictment No. 125/10, after a nonjury

trial, and imposing sentence, and (2) a judgment of the same court also rendered October 28, 2010, convicting him of endangering the welfare of a child under indictment No. 2353/09, after a nonjury trial, and imposing sentence.

Ordered that the judgments are affirmed.

The defendant contends that he was denied his constitutional rights to present a complete defense and confront witnesses because the trial court did not allow him to fully cross-examine the then-15-year-old victim about a prior sexual encounter with a teenaged boy, which allegedly provided her with a motive to fabricate her accusations against the defendant. However, since the defendant did not assert a constitutional right to introduce the excluded evidence at trial, his constitutional claims are unpreserved for appellate review (*see People v Ortiz*, 100 AD3d 419, 420 [2012]; *People v Simonetta*, 94 AD3d 1242, 1245 [2012]; *People v Schafer*, 81 AD3d 1361, 1363 [2011]). In any event, the court properly limited inquiry into the complainant's past sexual history pursuant to the Rape Shield Law (*see* CPL 60.42). Although CPL 60.42 (5) vests the trial court with the discretion to consider the admission of evidence of a victim's sexual conduct "in the interests of justice" (*see People v Halter*, 19 NY3d 1046, 1049 [2012]), here, the limited value in allowing detailed evidence of the complainant's prior sexual encounter to be adduced on cross-examination was outweighed by the complainant's statutory right to confidentiality and the prejudicial nature of the evidence (*see People v Scott*, 67 AD3d 1052, 1055 [2009], *affd* 16 NY3d 589 [2011]; *People v White*, 261 AD2d 653, 655-656 [1999]; *see also People v Halter*, 19 NY3d at 1049). Moreover, the defendant's rights to present a defense and confront witnesses were not unduly curtailed by the court's application of the Rape Shield Law because he was permitted to develop evidence that there had been a prior sexual encounter between the complainant and the teenaged boy, and that this allegedly provided the complainant with a motive to fabricate her accusations (*see People v Weinberg*, 75 AD3d 612, 613 [2010]; *People v Russillo*, 27 AD3d 493 [2006]).

The defendant's contention that the counts of indictment No. 125/10 charging him with rape in the second degree, criminal sexual act in the second degree, and attempted rape in the second degree failed to provide him with fair notice of the dates of the charged crimes is also unpreserved for appellate review (*see People v Irvine*, 52 AD3d 866, 867 [2008]; *People v Albanese*, 45 AD3d 691, 692 [2007]; *People v Case*, 29 AD3d 706 [2006]). In any event, taking into consideration all of the relevant circumstances, including the complainant's age at the times of the

commission of the crimes, the repetitive nature of the sexual abuse, and the fact that time is not a material element of any of the crimes, the 30-day time periods set forth in the subject counts provided the defendant with adequate notice (*see People v Watt*, 81 NY2d 772, 774 [1993]; *People v Persaud*, 98 AD3d 527, 528 [2012]; *People v Ames*, 96 AD3d 867 [2012]; *People v Weekes*, 71 AD3d 1065 [2010]).

The defendant additionally failed to preserve for appellate review his claim that he was deprived of a fair trial by certain comments made by the prosecutor on summation because he either failed to object to the challenged remarks, or failed to object on the specific grounds raised on this appeal (*see* CPL 470.05 [2]; *People v Romero*, 7 NY3d 911, 912 [2006]; *People v Crosdale,* 103 AD3d 749 [2013]). In any event, the challenged remarks were fair comment on the evidence, constituted a fair response to defense counsel's summation, or otherwise do not warrant reversal (*see People v Halm*, 81 NY2d 819, 821 [1993]; *People v Galloway*, 54 NY2d 396, 401 [1981]; *People v Morency*, 104 AD3d 877 [2013]; *People v Crosdale*, 103 AD3d 749 [2013]; *People v Birot*, 99 AD3d 933 [2012]; *People v Torres*, 96 AD3d 881, 882 [2012]). Eng, P.J., Dillon, Dickerson and Chambers, JJ., concur.