■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v QUARUAN CHANCE, Appellant. [5 NYS3d 191]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Ingram, J.), rendered November 5, 2012, convicting him of criminal possession of a weapon in the third degree and criminal possession of a controlled substance in the seventh degree, upon a jury verdict, and sentencing him to a determinate term of imprisonment of six years, followed by a period of three years of postrelease supervision, and a fine in the sum of $5,000 upon his conviction of criminal possession of a weapon in the third degree, and a determinate term of imprisonment of one year upon his conviction of criminal possession of a controlled substance in the seventh degree, with the terms of imprisonment to run concurrently with each other.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by vacating so much of the

sentence as imposed a fine in the sum of $5,000 upon the conviction of criminal possession of a weapon in the third degree; as so modified, the judgment is affirmed.

Viewing the evidence in the light most favorable to the People (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the opportunity of the finder of fact to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383 [2004]; *People v Bleakley*, 69 NY2d 490 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Delamota*, 18 NY3d 107, 116-117 [2011]; *People v Romero*, 7 NY3d 633 [2006]).

The defendant contends that his *Batson* application should have been granted (*see Batson v Kentucky*, 476 US 79 [1986]). "The standard mandated by *Batson* is a relatively straightforward one. First, a defendant asserting a claim under the *Batson* formula must present a prima facie case by showing that the prosecution exercised its peremptory challenges to remove one or more members of a cognizable racial group from the venire and that there exist facts and other relevant circumstances sufficient to raise an inference that the prosecution used its peremptory challenges to exclude potential jurors because of their race. Once that prima facie showing has been made, the burden shifts and the prosecution must come forward with a race-neutral explanation for its challenged peremptory choices" (*People v Childress*, 81 NY2d 263, 266 [1993] [citations omitted]).

As the People correctly concede on appeal, the Supreme Court took a narrow and unrealistic view, for *Batson* purposes, of who was black, when it questioned whether prospective jurors of biracial origin or Caribbean origin were of the same cognizable group as prospective jurors of African descent who were born in the United States. Nevertheless, the defendant failed to meet his burden of presenting a prima facie case by showing that the prosecution exercised its peremptory challenges to remove black prospective jurors from the venire because of their race. On this record, the defendant's reliance on the People's removal of prospective black jurors, without more, was insufficient for a prima facie showing of discrimination (*see People v Brown*, 97 NY2d 500, 508 [2002]; *People v*

Jenkins, 84 NY2d 1001, 1002-1003 [1994]; *People v Santos*, 105 AD3d 1064, 1065 [2013]).

The sentence was excessive to the extent indicated herein. Rivera, J.P., Miller, Hinds-Radix and Duffy, JJ., concur.