██ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD SHAW, Appellant. [6 NYS3d 119]—

Appeal by the defendant from a judgment of the County Court, Orange County (De Rosa, J.), rendered October 9, 2008, convicting him of rape in the first degree (three counts), sexual abuse in the first degree, and assault in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that he was deprived of his constitutional right to present a complete defense by the Supreme Court's application of the Rape Shield Law (CPL 60.42) to exclude evidence of unidentified semen found on the complainant's underwear is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Simmons*, 106 AD3d 1115, 1116 [2013]). In any event, the defendant's right to present a defense was not unduly curtailed by the court's application of the Rape Shield Law (*see People v Simmons*, 106 AD3d at 1116; *People v Weinberg*, 75 AD3d 612, 613 [2010]).

The defendant's contention that he was deprived of a fair trial by being compelled to appear before a panel of prospective jurors in his prison garb is unpreserved for appellate review and, in any event, without merit (*see* CPL 470.05 [2]; *Estelle v Williams*, 425 US 501, 512-513 [1976]; *People v Bullock*, 28 AD3d 673, 673 [2006]).

The defendant's challenge to the legal sufficiency of the evidence, raised in his pro se supplemental brief, is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 492 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342, 348 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Contrary to the defendant's contention in his pro se supplemental brief, upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant's contention, raised in his pro se supplemental brief, that he was deprived of the effective assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside the record and, thus, constitutes a "mixed claim" of ineffective assistance (*People v Maxwell*, 89 AD3d 1108, 1109 [2011]). In this case, it is not evident from the matter appearing on the record that the defendant was deprived of the effective assistance of counsel (*cf. People v Crump*, 53 NY2d 824, 825 [1981]; *People v Brown*, 45 NY2d 852, 853-854 [1978]). Since the defendant's claim of ineffective assistance of counsel cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety (*see People v Freeman*, 93 AD3d 805, 806 [2012]; *People v Maxwell*, 89 AD3d at 1109).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's remaining contention is improperly raised for the first time in his reply brief (*see People v Winkfield*, 90 AD3d 959, 960 [2011]). Balkin, J.P., Roman, Sgroi and LaSalle, JJ., concur.