■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JONATHAN WALLACE, Appellant. [51 NYS3d 606]—Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Cacace, J.), rendered July 15, 2014, convicting him of rape in the third degree, attempted criminal sex act in the first degree, and unlawful imprisonment in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements he made to law enforcement officials.

Ordered that the judgment is affirmed.

The defendant's contention that he was deprived of his constitutional right to present a complete defense because of the Supreme Court's application of the Rape Shield Law (CPL 60.42) to prevent him from questioning the victim about certain Instagram postings is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Shaw*, 126 AD3d 1016, 1016 [2015]; *People v Simmons*, 106 AD3d 1115, 1116 [2013]). In any event, the defendant's right to present a defense was not unduly curtailed by the court's application of the Rape Shield Law (*see People v Shaw*, 126 AD3d at 1016).

The defendant's argument that the loss of a surveillance

video deprived him of a fair trial is unpreserved for appellate review, as he did not object to the testimony about the contents of the tape or request an adverse inference charge (*see* CPL 470.05 [2]). In any event, the defendant's contention is without merit. The defendant also failed to preserve for appellate review his claim that he was deprived of a fair trial by certain comments made by the prosecutor on summation regarding the video because he failed to object to the challenged remarks (*see* CPL 470.05 [2]; *People v Romero*, 7 NY3d 911, 912 [2006]; *People v Crosdale*, 103 AD3d 749, 750 [2013]). In any event, the challenged remarks were fair comment on the evidence or constituted a fair response to defense counsel's summation (*see People v Halm*, 81 NY2d 819, 821 [1993]; *People v Simmons*, 106 AD3d at 1117; *People v Morency*, 104 AD3d 877, 878 [2013]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's contention, raised in his pro se supplemental brief, that his right to counsel was violated when the Supreme Court denied that branch of his motion which was to suppress statements he made to the police, is without merit (*see People v Cook*, 134 AD3d 1241, 1244 [2015]; *People v Augustine*, 89 AD3d 1238, 1239, 1240 [2011], *affd* 21 NY3d 949 [2013]). Rivera, J.P., Roman, Miller and Duffy, JJ., concur.