Appeal by the defendant from a judgment of the Supreme Court, Kings County (Marrus, J.), rendered May 6, 2014, convicting him of criminal sexual act in the second degree, upon a jury verdict, and imposing sentence.
Ordered that the judgment is affirmed.
After a jury trial, the defendant was convicted of criminal sexual act in the second degree, arising out of acts that occurred on September 23, 2012. On that date, the defendant, wh° was then 28 years old, induced the complainant, who was hen 14 years old, to accompany him to a motel room, where he engaged in the proscribed conduct. At trial, the defendant’s 7/as e^tablished, inter alia, by the complainant’s testimony n is statements to police admitting that he took the complainant to the motel room, and thereafter telephoned her numerous times.
The defendant’s challenge to the legal sufficiency of the evidence supporting his conviction is unpreserved for appellate review, since the defendant made only a general motion for a border of dismissal (see CPL 470.05 [2]; People v Hawkins, 11 NY3d 484, 491-492 [2008]; People v Katehis, 117 AD3d 1080, 1081 [2014]). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant s guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury’s opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 *874 NY3d 383, 410 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]).
Contrary to the defendant’s contention, the Supreme Court did not err in declining to submit to the jury the offense of sexual misconduct (see Penal Law § 130.20) as a lesser included offense of criminal sexual act in the second degree (see Penal Law § 130.45 [1]). Viewing the evidence in the light most favorable to the defendant, no reasonable view of the evidence would have supported a finding that the defendant committed sexual misconduct but did not commit criminal sexual act in the second degree (see CPL 300.50 [1]; People v Rivera, 23 NY3d 112, 120-121 [2014]; People v Saddlemire, 121 AD2d 791, 793 [1986]). The defendant’s contention that the court should have submitted to the jury certain misdemeanor counts in the indictment that were concurrent counts of the counts charging rape in the second degree has been rendered academic, since the jury acquitted the defendant of the rape counts (see People v Franqueira, 143 AD3d 1164, 1169 [2016]; People v Harris, 129 AD3d 990, 991 [2015]). The court did not improvidently exercise its discretion in refusing to charge the other misdemeanor counts in the indictment (see People v Leon, 7 NY3d 109, 113-114 [2006]; People v Akomah, 52 AD3d 521, 522 [2008]; cf. People v Extale, 18 NY3d 690, 695-696 [2012]; People v Urbina, 99 AD3d 821, 822 [2012]).
The defendant’s Batson challenge (see Batson v Kentucky, 476 US 79 [1986]) to the prosecutor’s exercise of peremptory challenges was properly denied, as he failed to make the requisite prima facie showing of discrimination. “It is incumbent upon a party making a Batson challenge to articulate and develop all of the grounds supporting the claim, both factual and legal, during the colloquy in which the objection is raised and discussed” (People v Cuesta, 103 AD3d 913, 914 [2013]; see People v Childress, 81 NY2d 263, 268 [1993]). On this record, the defendant’s reliance on the number of peremptory challenges exercised by the People against prospective male jurors, without more, was insufficient to make a prima facie showing (see People v Hecker, 15 NY3d 625, 651-652, 655 [2010]; People v Brown, 97 NY2d 500, 507-508 [2002]; People v Chance, 125 AD3d 993, 994 [2015]; People v Sandy, 11 AD3d 489, 489 [2004]).
The defendant’s specific contentions regarding the Supreme Court’s Sandoval ruling (see People v Sandoval, 34 NY2d 371 [1974]) are unpreserved for appellate review (see People v *875 Hawkins, 11 NY3d at 494; People v Jackson, 139 AD3d 875, 877 [2016]). In any event, the court’s Sandoval ruling was not an improvident exercise of discretion. The court properly balanced the probative value of the defendant’s prior convictions on the issue of the defendant’s credibility against the risk of unfair prejudice to the defendant (see People v Paige, 88 AD3d 912, 912 [2011]; People v Celleri, 29 AD3d 707, 709 [2006]).
The defendant further contends that he was denied his constitutional rights to present a complete defense and confront witnesses by the Supreme Court’s application of the Rape Shield Law (CPL 60.42) to prohibit him from cross-examining the complainant, who was 15 years old at the time of trial, about an alleged sexual relationship with another man. However, since the defendant did not assert a constitutional right to introduce the excluded evidence at trial, his constitutional claims are unpreserved for appellate review (see People v Lane, 7 NY3d 888, 889 [2006]; People v Simmons, 106 AD3d 1115, 1116 [2013]). In any event, under the circumstances, the court’s application of the Rape Shield Law was a provident exercise of discretion (see People v Weberman, 134 AD3d 862, 863 [2015]; People v Shaw, 126 AD3d 1016, 1016 [2015]; People v Simmons, 106 AD3d at 1116; see also People v Tohom, 109 AD3d 253, 274 [2013]).
The defendant’s contention that he was denied due process by the People’s presentation of inadmissible and excessive outcry testimony is without merit, since the complainant’s outcry was made at the first suitable opportunity (see People v McDaniel, 81 NY2d 10, 17 [1993]). Further, the defense elicited some of the challenged testimony on cross-examination to bolster the defendant’s claim that the complainant in fact had sex with another man (see People v Renaud, 137 AD3d 818, 820 [2016]; People v Stalter, 77 AD3d 776, 777 [2010]). The defendant’s claim that bolstering evidence was improperly admitted is unpreserved for appellate review, and in any event without merit (see People v Arroyo, 128 AD3d 843, 845 [2015]; People v Ragsdale, 68 AD3d 897, 897-898 [2009]; see also People v Smith, 22 NY3d 462, 464 [2013]). The defendant’s ineffective assistance of counsel claim, based solely on his attorney’s failure to object to the purportedly bolstering testimony, is without merit (see People v Smith, 135 AD3d 970, 971 [2016]; People v Watson, 121 AD3d 921, 922 [2014]).
Contrary to the People’s contention, the defendant preserved for appellate review his contention that the jury charge failed to adequately instruct the jury as to the burden of proof, including reasonable doubt (see CPL 470.05 [2]; People v Maddox, 92 *876 AD3d 696, 697 [2012]; cf. People v Robinson, 88 NY2d 1001, 1001-1002 [1996]). The defendant’s contention is without merit because the jury instructions, taken as a whole, conveyed the correct standard to be employed with respect to the burden of proof, including reasonable doubt (see People v Fields, 87 NY2d 821, 823 [1995]; People v Page, 137 AD3d 817, 817 [2016]; People v Romero, 123 AD3d 1147, 1148 [2014]; People v Seaton, 45 AD3d 875, 875 [2007]).
The defendant’s contention that the Supreme Court failed to meaningfully respond to a jury note requesting clarification is unpreserved for appellate review (see People v Clark, 28 NY3d 556 [2016]) and, in any event, without merit (see People v Malloy, 55 NY2d 296, 301-303 [1982]; People v Ariza, 77 AD3d 844, 845 [2010]).
The defendant’s remaining contentions are without merit.
Dillon, J.P., Austin, Hinds-Radix and Maltese, JJ., concur.