The People of the State of New York, Respondent,
against
Douglas S. Trokie, Appellant. 

Douglas S. Trokie, appellant pro se.
Keane & Beane, P.C. (Edward F. Beane of counsel), for respondent.

Appeal from a judgment of conviction of the Justice Court of the Town of Rye, Westchester County (Anthony M. Provenzano, J.), rendered March 26, 2019. The judgment, rendered pursuant to a decision of that court dated March 3, 2019, after a nonjury trial, convicted defendant of failing to remove snow and ice from a sidewalk, and imposed sentence.
ORDERED that, on the court's own motion, the notice of appeal by defendant from the decision dated March 3, 2019 is deemed a valid notice of appeal from the judgment of conviction (see CPL 460.10 [6]); and it is further,
ORDERED that the judgment of conviction is affirmed. 
Defendant was charged, in four separate accusatory instruments, with violating Rye Brook Village Code § 186-1 (A) based upon allegations that, on four separate dates (i.e., January 6, 2018, February 8, 2018, February 19, 2018, and March 9, 2018), defendant had failed to remove snow and ice from a sidewalk on North Ridge Street, which was located behind his house. The evidence adduced at a nonjury trial established that between the sidewalk and the rear property line of the property on which defendant's house stood was an area reserved for [*2]widening North Ridge Street. After the trial, the Justice Court, in a decision dated March 3, 2019, dismissed the three accusatory instruments charging violations on January 6, 2018, February 8, 2018 and February 19, 2018 on the ground that these accusatory instruments failed to allege all the elements of the charged offense, but found defendant guilty of the charge concerning the violation on March 9, 2018. Defendant appeals, contending, in effect, that the conviction was not supported by legally sufficient evidence.
Rye Brook Village Code § 186-1 (A) provides, in pertinent part:
"Every owner, lessee, tenant, occupant or other person having charge or control of any building or lot of land abutting upon any street or public place where the sidewalk is flagged, concreted or otherwise paved or laid shall, within 24 hours after the snow ceases to fall, remove the snow and ice from such sidewalk so as to provide a continuous passageway."
In order to convict defendant of violating Rye Brook Village Code § 186-1 (A), the People must prove beyond a reasonable doubt that (1) defendant owned or otherwise had charge or control of the property at issue; (2) the property abutted upon a street or public place where the sidewalk that defendant was required to remove snow and ice from was flagged, concreted or otherwise paved or laid; and (3) defendant did not, within 24 hours after the snow ceased to fall, remove the snow and ice from such sidewalk. Rye Brook Village Code § 1-15 provides that a "street" shall include "the traveled roadway, unpaved portions and sidewalks."
Here, it is undisputed that, as of March 9, 2018, defendant owned the property in question and failed to, within 24 hours after the snow ceased to fall, remove the snow and ice from the sidewalk at issue. Furthermore, the People proffered evidence that the right of way of North Ridge Street covered not only the traveled roadway, but also, as pertinent here, the area where the sidewalk was laid and, further, the area reserved for widening North Ridge Street. Thus, under the Code's expansive definition of the term "street" (see Rye Brook Village Code § 1-15), North Ridge Street should be considered to include, among other things, the sidewalk area and the reserved area. As defendant acknowledges that his property abutted upon the reserved area, it follows that the property abutted upon North Ridge Street—a street where the sidewalk was laid. Consequently, viewing the evidence in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), we find that the evidence adduced at trial was legally sufficient to establish defendant's guilt, beyond a reasonable doubt, of violating Rye Brook Village Code § 186-1 (A). 
Defendant's remaining contentions are either unpreserved for appellate review (see CPL 470.05 [2]) or improperly raised for the first time in defendant's reply brief (see People v Shaw, 126 AD3d 1016, 1017 [2015]). 
Accordingly, the judgment of conviction is affirmed. 
ADAMS and RUDERMAN, JJ., concur.
TOLBERT, J.P., taking no part.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: May 28, 2020