People v Mayorga (2021 NY Slip Op 08250)





People v Mayorga


2021 NY Slip Op 08250


Decided on March 17, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 17, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
ROBERT J. MILLER
PAUL WOOTEN, JJ.


2015-07824
 (Ind. No. 107/14)

[*1]The People of the State of New York, respondent,
v
Walter E. Mayorga, appellant.


Salvatore C. Adamo, New York, NY, for appellant.
William V. Grady, District Attorney, Poughkeepsie, NY (Kirsten A. Rappleyea of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Dutchess County (Stephen L. Greller, J.), rendered August 3, 2015, convicting him of rape in the first degree (two counts), rape in the third degree, and endangering the welfare of a child, upon a jury verdict, and sentencing him to a term of imprisonment of 25 years plus 10 years postrelease supervision on the first count of rape in the first degree, a consecutive term of imprisonment of 20 years plus 5 years postrelease supervision on the second count of rape in the first degree, a consecutive term of imprisonment of 1½ years plus 3 years postrelease supervision on the count of rape in the third degree, and a concurrent term of imprisonment of one year on the count of endangering the welfare of a child.
ORDERED that the judgment is modified, as a matter of discretion in the interest of justice, by providing that all the terms of imprisonment shall run concurrently with each other; as so modified, the judgment is affirmed.
The defendant was convicted, after a jury trial, of two counts of rape in the first degree, one count of rape in the third degree, and endangering the welfare of a child, upon evidence that he forced the then 14-year-old complainant to have sexual intercourse on two occasions in 2012, and engaged in sexual intercourse with the same complainant on May 30, 2014, when she was 16 years old. The trial court sentenced the defendant to consecutive terms of imprisonment on each of the three rape counts and a concurrent term of imprisonment on the count of endangering the welfare of a child, for an aggregate sentence of 46½ years plus postrelease supervision.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon our independent review of the record (see CPL 470.15[5]), we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Mateo, 2 NY3d 383; People v Bleakley, 69 NY2d 490, 495).
The defendant's contention that he was deprived of his constitutional right to confront witnesses by the Supreme Court's application of the Rape Shield Law (see CPL 60.42) is partially unpreserved for appellate review (see CPL 470.05[2]; People v Wallace, 149 AD3d 878). In any [*2]event, the contention is without merit.
The defendant's Batson challenge (see Batson v Kentucky, 476 US 79) was properly denied, as he failed, prima facie, to establish a pattern of purposeful exclusion sufficient to raise an inference of racial discrimination (see People v Valdez-Cruz, 99 AD3d 738).
The sentence imposed was excessive to the extent indicated herein (see CPL 470.15[6][b]; People v Suitte, 90 AD2d 80).
The defendant's remaining contentions are without merit.
CHAMBERS, J.P., AUSTIN, MILLER and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court