People v Bernard (2022 NY Slip Op 01802)





People v Bernard


2022 NY Slip Op 01802


Decided on March 16, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 16, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON
SHERI S. ROMAN, JJ.


2019-04346
 (Ind. No. 2378/17)

[*1]The People of the State of New York, respondent,
v
Orane B. Bernard, appellant.


Joseph A. Hanshe, Sayville, NY, for appellant.
Raymond A. Tierney, District Attorney, Riverhead, NY (Grazia DiVincenzo and Glenn Green of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Suffolk County (Stephen L. Braslow, J.), rendered April 1, 2019, convicting him of rape in the second degree, sexual abuse in the third degree, and endangering the welfare of a child, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's contention that the evidence was legally insufficient to support his convictions is unpreserved for appellate review, as his general motion to dismiss the indictment at the close of the People's case was not specifically directed at the deficiency now being argued (see CPL 470.05[2]; People v Carncross, 14 NY3d 319, 324-325; People v Hawkins, 11 NY3d 484, 492). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt of each of the crimes of which he was convicted beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdicts of guilt were not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant's contention that he was deprived of his constitutional right to present a complete defense by the County Court's application of the Rape Shield Law (CPL 60.42) to preclude certain cross-examination and summation argument is unpreserved for appellate review (see CPL 470.05[2]; People v Shaw, 126 AD3d 1016). In any event, the court properly limited additional inquiry or comment about this matter, and the defendant's right to present a defense was not unduly curtailed thereby (see People v Tohom, 109 AD3d 253, 274; People v Simmons, 106 AD3d 1115, 1116).
The defendant's remaining contention is without merit.
DILLON, J.P., DUFFY, BRATHWAITE NELSON and ROMAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court