People v Devane (2025 NY Slip Op 05248)

People v Devane

2025 NY Slip Op 05248

Decided on October 1, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 1, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
CHERYL E. CHAMBERS
WILLIAM G. FORD
JAMES P. MCCORMACK, JJ.

2024-01207
 (Ind. No. 70303/19)

[*1]The People of the State of New York, respondent, 
v
Darren Devane, also known as "Buck," appellant.

Martin Goldberg, Franklin Square, NY, for appellant.
Anne T. Donnelly, District Attorney, Mineola, NY (David L. Glovin and Jason R. Richards of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Nassau County (Terence P. Murphy, J.), rendered December 19, 2023, convicting him of criminal sale of a controlled substance in the first degree, criminal sale of a controlled substance in the second degree (three counts), conspiracy in the second degree, and conspiracy in the fourth degree (two counts), upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's Batson challenge (see Batson v Kentucky, 476 US 79) to the prosecutor's exercise of peremptory challenges was properly denied, as the defendant failed to make the requisite prima facie showing of discrimination. "It is incumbent upon a party making a Batson challenge to articulate and develop all of the grounds supporting the claim, both factual and legal, during the colloquy in which the objection is raised and discussed" (People v Cuesta, 103 AD3d 913, 914; see People v Childress, 81 NY2d 263, 268). On this record, the defendant's reliance on the prosecutor's removal of prospective Black jurors, without more, was insufficient for a prima facie showing of discrimination (see People v Hecker, 15 NY3d 625, 651-652, 655; People v Small, 156 AD3d 820, 824; People v Francis, 155 AD3d 1059, 1061; People v Chance, 125 AD3d 993, 994).
The defendant's contention that the County Court improperly failed to question whether the prospective jurors knew the confidential informant involved in the case is unpreserved for appellate review (see CPL 470.05[2]), and we decline to reach the issue in the exercise of our interest of justice jurisdiction (see id. § 470.15[6][a]).
The defendant's contention that the County Court erred in declining his request for a missing witness charge is partially unpreserved for appellate review and, in any event, is without merit. The court properly denied the request for a missing witness charge based on its findings that the witness was not available to the People to testify at trial (see People v Williams, 195 AD3d 1050, 1051; People v Joseph, 161 AD3d 1105) and that any testimony the witness could have provided would have been cumulative to the eyewitness accounts and the surveillance video footage that was already in evidence at trial (see People v Anderson, 180 AD3d 923, 925; People v Valentin, 173 AD3d 1436, 1440). Moreover, defense counsel was permitted to comment during summation on the [*2]People's failure to call the witness in question (see People v Kearsley, 232 AD3d 688; People v James, 224 AD3d 849, 850; People v Grant, 170 AD3d 888, 890).
Contrary to the defendant's contention, the County Court did not err in denying the defendant's motion to suppress evidence gained from pen register and eavesdropping warrants. The record supports the court's determination, made after a hearing, that the defendant failed to demonstrate by a preponderance of the evidence that the challenged statements in the warrant applications were perjurious or made with a reckless disregard for the truth or that the remaining content was insufficient to establish probable cause (see People v Biggs, 208 AD3d 1340, 1345; People v Worrell, 170 AD3d 1048, 1051; People v Nunziata, 10 AD3d 695).
The defendant's remaining contentions are without merit.
LASALLE, P.J., CHAMBERS, FORD and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court