People v Jackson (2026 NY Slip Op 00528)

People v Jackson

2026 NY Slip Op 00528

Decided on February 4, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 4, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
DEBORAH A. DOWLING
LILLIAN WAN
JAMES P. MCCORMACK, JJ.

2022-05723
 (Ind. No. 457/20)

[*1]The People of the State of New York, respondent,
vJamaal Jackson, appellant.

Clare J. Degnan, White Plains, NY (Debra A. Cassidy of counsel), for appellant.
Melinda Katz, Special District Attorney, Kew Gardens, NY (Johnnette Traill and Tess O'Leary of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Westchester County (Susan Cacace, J.), rendered May 31, 2022, convicting him of sexual abuse in the first degree, rape in the first degree, incest in the first degree, and endangering the welfare of a child, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant moved pursuant to CPL 30.30(1)(a) to dismiss the indictment on the ground that he was deprived of his statutory right to a speedy trial. The defendant contends that the People's initial certificate of compliance (hereinafter COC) was improper and their statement of readiness dated September 2, 2021, was illusory, based upon the People's subsequent COCs.
In felony cases such as this one, CPL 30.30 requires the People to be ready for trial within six months of the commencement of the action (see id. § 30.30[1][a]). Absent an individualized finding of special circumstances, "the prosecution shall not be deemed ready for trial for [the] purposes of [CPL 30.30] until it has filed a valid [COC]" (id. § 245.50[3]). The COC "shall state that, after exercising due diligence and making reasonable inquiries and efforts to ascertain the existence of . . . material and information subject to discovery [under CPL 245.20], the prosecution has disclosed and made available all known material and information . . . subject to discovery" (id. § 245.50[1]).
CPL 245.20(1) requires the prosecutor to automatically disclose to the defendant certain enumerated "material and information in the possession, custody or control of the prosecution or persons under the prosecution's direction or control." Further, the prosecutor is obligated to "make a diligent, good faith effort to ascertain the existence of material or information discoverable under [CPL 245.20(1)] and to cause such material or information to be made available for discovery where it exists but is not within the prosecutor's possession, custody or control" (id. § 245.20[2]).
"When a defendant moves pursuant to CPL 30.30 to dismiss an indictment on the ground that the People failed to exercise due diligence and therefore did not file a proper COC, 'the People bear the burden of establishing that they did, in fact, exercise due diligence and made reasonable inquiries prior to filing the initial COC despite a belated or missing disclosure'" (People [*2]v Henderson, 237 AD3d 853, 854, quoting People v Bay, 41 NY3d 200, 213). "'If the prosecution fails to make such a showing, the COC should be deemed improper, the readiness statement stricken as illusory, and—so long as the time chargeable to the People exceeds the applicable CPL 30.30 period—the case dismissed'" (People v Drayton, 231 AD3d 1057, 1060, quoting People v Bay, 41 NY3d at 213).
Here, the People's initial COC was proper, and the statement of readiness was not illusory. The record demonstrates that the People "exercis[ed] due diligence and ma[de] reasonable inquiries and efforts to ascertain the existence of . . . material and information subject to discovery," as evidenced by the extensive, voluminous documents provided to the defendant with the initial COC and statement of readiness (CPL 245.50[1]). The belated disclosures that accompanied the supplemental COCs were made in good faith and with due diligence (see People v Macaluso, 230 AD3d 1158, 1160; People v Williams, 224 AD3d 998, 1006). Notably, the defendant requested no additional sanctions or accommodations based upon the delayed disclosures, short of dismissal of the indictment (see CPL 245.80). Accordingly, inasmuch as the People's initial COC was proper, and the statement of readiness therefore was not illusory, the County Court properly denied the defendant's motion pursuant to CPL 30.30(1)(a) to dismiss the indictment on the ground that he was deprived of his statutory right to a speedy trial (see People v Macaluso, 230 AD3d at 1160).
The defendant's contention that the County Court erred in admitting evidence of prior bad acts (see People v Molineux, 168 NY 264) is without merit. To the extent the defendant contends that the admission of that evidence violated his federal constitutional right to a fair trial, that contention is unpreserved for appellate review and, in any event, without merit. The court providently exercised its discretion in allowing testimony pertaining to the defendant's acts of sexual abuse toward the complainant that took place in the Bronx, even though the defendant was not charged with a crime based on those acts (see People v Cedillo, 242 AD3d 1107, 1107-1108; People v Patierno, 240 AD3d 516, 517). The testimony described events that took place during the course of sexual conduct for which the defendant was charged, was inextricably interwoven with the narrative of events, and provided necessary background information, as well as an appropriate context in which to evaluate the case (see People v Nicholson, 26 NY3d 813, 829-830; People v Leeson, 12 NY3d 823, 827; People v Tomlinson, 174 AD3d 929, 929-930). Further, the probative value of the evidence outweighed the risk of prejudice to the defendant (see People v Alvino, 71 NY2d 233, 242; People v Darby, 196 AD3d 643, 643). Moreover, any prejudicial impact was minimized by the court's instruction that the jury was not permitted to consider such prior uncharged crime as evidence of the defendant's guilt in this case or evidence that the defendant is a person disposed to commit such crimes, and that the evidence was offered as background material that was inextricably interwoven with the narrative of events in the case (see People v Morris, 21 NY3d 588, 598; People v Danon, 167 AD3d 930, 931). The jury is presumed to have followed those instructions (see People v Morris, 21 NY3d at 598).
The defendant's contention that he was deprived of his constitutional right to present a complete defense by the County Court's application of the Rape Shield Law (CPL 60.42) is unpreserved for appellate review (see id. § 470.05[2]; People v Shaw, 126 AD3d 1016, 1016). In any event, the court properly limited additional inquiry or comment about this matter, and the defendant's right to present a defense was not unduly curtailed thereby (see People v Bernard, 203 AD3d 945, 945-946; People v Simmons, 106 AD3d 1115, 1116).
Contrary to the defendant's contention, the County Court did not err in declining his request for a missing witness charge regarding the People's failure to call the sole outcry witness. The defendant failed to show that the uncalled witness would provide noncumulative testimony (see People v Mayes, 200 AD3d 718, 719; People v Williams, 195 AD3d 1050, 1051), and defense counsel was permitted to comment during summation on the People's failure to call the witness in question (see People v Morris, 207 AD3d 477, 478; People v Grant, 170 AD3d 888, 890). We note that the People cannot raise the issue of untimeliness of the defendant's request for a missing witness charge for the first time on appeal (see People v Read, 97 AD3d 702, 703; People v Jones, 23 AD3d 399, 399; People v Young, 4 AD3d 441, 441-442).
In fulfilling our responsibility to conduct an independent review of the weight of the [*3]evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). In this regard, neither the absence of additional witnesses to the abuse, nor minor inconsistencies in the complainant's trial testimony, rendered her account incredible (see People v Robertson, 240 AD3d 617, 618; People v Turse, 150 AD3d 1158, 1159). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Danielson, 9 NY3d at 348-349).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
CHAMBERS, J.P., DOWLING, WAN and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court